UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM PARZIALE,<br><br>        Plaintiff,<br>v.<br><br>THE ALLSTATE CORPORATION a/k/a<br>ALLSTATE WORKPLACE DIVISION<br>("ALLSTATE") AND AMERICAN<br>HERITAGE LIFE INSURANCE COMPANY,<br>A WHOLLY OWNED SUBSIDIARY OF<br>THE ALLSTATE CORPORATION,<br><br>        Defendants. | Civil Action No. 04-11377-MLW |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Allstate Corporation, a/k/a Allstate Workplace Division ("AWD") and American Heritage Life Insurance Company ("AHLI") (collectively, "Defendants"), through their undersigned counsel, answer the allegations set forth in Plaintiff William Parziale ("Parziale")'s Complaint (the "Complaint") as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. In response to the allegations in Paragraph 2 of the Complaint, Defendants state that AWD is the marketing name for AHLI. Further answering, Defendants state that AHLI is incorporated under the laws of the state of Florida, maintains a usual place of business at 1776 American Heritage Drive, Jacksonville, Florida, and is licensed to issue policies of insurance in the Commonwealth of Massachusetts. Defendants deny the remainder of the allegations in Paragraph 2 of the Complaint.

3. In response to the allegations in Paragraph 3 of the Complaint, Defendants state that AHLI is a wholly-owned subsidiary of the Allstate Corporation, is incorporated under the laws of the state of Florida, maintains a usual place of business at 1776 American Heritage Drive, Jacksonville, Florida, and is licensed to issue policies of insurance in the Commonwealth of Massachusetts. Defendants deny the remainder of the allegations in Paragraph 3 of the Complaint.

4. In response to the allegations in Paragraph 4 of the Complaint, Defendants admit that they issued a term life insurance policy, Policy No. 95071110 (the "Policy"), on the life of Maryann Veronesi ("Veronesi"). Defendants deny the remainder of the allegations in Paragraph 4 of the Complaint.

5. In response to the allegations in Paragraph 5 of the Complaint, Defendants state that Parziale is named as the beneficiary of Policy No. 95071110 on the life of Veronesi. Defendants deny the remainder of the allegations in Paragraph 5 of the Complaint.

6. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 6 of the Complaint.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

8. In response to the allegations in Paragraph 8 of the Complaint, Defendants state that they declined to pay Parziale's claim because the Policy application contained material misrepresentations concerning Veronesi's medical history. Further answering, Defendants state that the March 15, 2002 and June 18, 2002 letters referenced therein speak for themselves. Defendants deny the remainder of the allegations in Paragraph 8 of the Complaint.

9. In response to the allegations in Paragraph 9 of the Complaint, Defendants state that they received a letter from Parziale's counsel, Patricia Michaels, Esq., dated June 10, 2003,

and that the letter purported to seek relief pursuant to chapter 93A of the Massachusetts General Laws. Defendants deny the remainder of the allegations in Paragraph 9 of the Complaint.

10. In response to the allegations in Paragraph 10 of the Complaint, Defendants admit that they declined to pay Parziale's claim because the Policy application contained material misrepresentations concerning Veronesi's medical history. Defendants deny the remainder of the allegations in Paragraph 10 of the Complaint.

## COUNT I

11. Defendants incorporate by reference their responses to Paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

## COUNT II

15. Defendants incorporate by reference their responses to Paragraphs 1 through 15 of the Complaint as if fully set forth herein.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

## COUNT III

19. Defendants incorporate by reference their responses to Paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. In response to the allegations in Paragraph 20 of the Complaint, Defendants state that they received a letter from Parziale dated June 18, 2002, and that the letter purported to seek

relief pursuant to chapter 93A of the Massachusetts General Laws. Further answering, Defendants state that no such letter was attached to the Complaint. Defendants deny the remainder of the allegations in Paragraph 20 of the Complaint.

21. In response to the allegations in Paragraph 21 of the Complaint, Defendants state that the Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that they declined to pay Parziale's claim because the Policy application contained material misrepresentations concerning Veronesi's medical history. To the extent that Paragraph 21 of the Complaint contains any remaining allegations of fact, Defendants deny them.

## COUNT IV

22. Defendants incorporate by reference their responses to Paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. In response to the allegations in Paragraph 24 of the Complaint, Defendants state that the Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that they declined to pay Parziale's claim because the Policy application contained material misrepresentations concerning Veronesi's medical history. To the extent that Paragraph 24 of the Complaint contains any remaining allegations of fact, Defendants deny them.

## COUNT V

25. Defendants incorporate by reference their responses to Paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

## COUNT VI

27. Defendants incorporate by reference their responses to Paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Parziale's claims are bared to the extent that the Policy was issued in consideration of and in reliance upon certain misrepresentations purportedly made by Veronesi in her written application for the Policy, entitling Defendants to rescission of the Policy.

### THIRD AFFIRMATIVE DEFENSE

Parziale's claims are barred to the extent that the Policy was obtained from the Defendants by fraud and misrepresentation, including but not limited to Veronesi's answers to particular questions in the Policy application, in which she represented that she had not "been examined or treated at a hospital or other medical facility (within the last five years)," that she was not "currently under the care of a doctor," and that she had not "been advised to have or contemplate having any diagnostic test, treatment or surgery." At the time these representations were made, on or about July 25, 2001, they were false and were known to Parziale and Veronesi to be false when so made, and were made with intent to deceive the Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Parziale's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Parziale's claims are barred to the extent the alleged loss is not included within or is excluded from coverage provided for under the Policy.

### SIXTH AFFIRMATIVE DEFENSE

Parziale's claims are barred by the doctrines of waiver, estoppel, and laches.

### RESERVATION OF RIGHTS

Defendants expressly reserve the right to amend their Answer and to assert additional affirmative defenses as may become available during the course of discovery in this action.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request as follows:

1. that judgment enter on behalf of Defendants and against Parziale with respect to the claims alleged in the Complaint;

2. that Defendants be awarded their costs, including attorneys' fees, incurred in connection with this action; and

3. that Defendants be awarded such further relief as this Court deems just and proper.

**DEFENDANTS DEMAND A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE**

Respectfully submitted,

ALLSTATE WORKPLACE DIVISION AND
AMERICAN HERITAGE LIFE INSURANCE
COMPANY

By their attorneys,

*/s/ Hobart F. Popick*

Jonathan I. Handler (BBO # 561475)
Hobart F. Popick (BBO # 658763)
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, Massachusetts 02110-3179
(617) 345-4600

DATED: June 17, 2004

### CERTIFICATE OF SERVICE

I, Hobart F. Popick, hereby certify that on the 17th day of June, 2004, I served a true and correct copy of the foregoing Notice of Filing of Notice of Removal via first class mail, postage prepaid, upon Plaintiff's counsel, Patricia Michaels, Esq., 10 Tremont St., 4th Floor, Boston, MA 02108.

*/s/ Hobart F. Popick*

Hobart F. Popick

-7-