

**Allstate.**
FINANCIAL
*Workplace Division*

*copy to Bill 3/10/03*

March 7, 2003

Karin Ouellette, Executrix
Estate of Maryann Fink Veronesi
296 Richardson Street
Uxbridge, MA 01569

RE:  Maryann Veronesi
     Policy: 90-95071110
     Claim: 02-V-03

Dear Ms. Ouellette:

We wish to thank you for all your cooperation in forwarding the appropriate authorizations to medical facilities so that we could receive copies of Ms. Veronesi's medical records.

The most recent authorization that you supplied enabled us to receive medical records from Dr. Rothchild at Lahey Clinic. These records have become pivotal in our adjudication of a claim for proceeds against Policy 90-95071110, owned by Maryann Veronesi, insuring her life.

Ms. Veronesi's July 25, 2001 application for coverage asked the following question under #14, Part 2:
"Has any person to be insured:
a. been examined or treated at a hospital or other medical facility (within last 5 years) or are they currently under the care of a doctor?
b. been advised to have or contemplate having any diagnostic test, treatment or surgery?"

These questions were answered "No" by Ms. Veronesi. However, medical records from Lahey Clinic document that Ms. Veronesi saw Dr. Rothchild on July 12, 2001 complaining of various symptoms she had developed over the prior three weeks. Because of the symptomology, a chest x-ray was performed on July 13, 2001. Based on the results of the chest x-ray, the medical records document that a CT scan was recommended and then scheduled.

Therefore, on July 25, 2001, the application signature date, Ms. Veronesi had been examined and treated at a medical facility and was under the care of a doctor. She had also been advised to have a diagnostic test (CT scan). Accordingly, her response to Question # 14, Part 2, a and b should have been "yes."

Our Underwriting Department has reviewed these records and advised that had they been correctly informed by Ms. Veronesi of her history at the time she applied for coverage, July 25, 2001, Policy 90-95071110 would not have been issued.

Because Ms. Veronesi made material misrepresentations in her application for coverage, the policy has been rescinded. A refund of all premiums will be sent to the Estate under separate cover.

We reserve the right to make a decision on this claim and future claims under the policy, on the basis of any provision in the policy whether or not we have identified it in this letter. If you have any questions regarding this information, please do not hesitate to let us know.

Sincerely,

Susannah Marchy
Individual Claims Department