LAW OFFICE OF PATRICIA MICHAELS
10 TREMONT STREET 4TH FLOOR
BOSTON, MA 02108
(617) 227-1550
FACSIMILE - (617) 227-1545

K. P. HARRISON
JUN 1 6 2003
CLAIM DEPT.

JUNE 10, 2003

Sent Certified Mail Return Receipt Requested
CMRRR#7003 0500 0001 3981 4579

Ms. Susannah Marchy
Individual Claims Department
American Heritage Life Insurance Company
1776 American Heritage Life Drive
Jacksonville FL 32224-6688

RECEIVED
JUN 1 7 2003
CLAIMS DEPT.

Re:   Maryann Veronesi
      Policy No.: 90-95071110
      Claim: 02-V-03

Dear Ms. Marchy:

Please be advised that my office has been retained by Mr. William Parziale. As you know, Mr. Parziale is the sole beneficiary of a life insurance policy issued by American Heritage Life Insurance Company ("American") to Ms. Maryann Veronesi. The policy was issued to Ms. Veronesi on July 25, 2001. Ms. Veronesi died on March 4, 2002. This letter is a demand for relief pursuant to the provisions of M.G.L.c. 93A in connection with Mr. Parziale's demand for payment under the policy of insurance issued to Ms. Veronesi.

1.   **The Facts**

On or about July 25, 2001 Ms. Maryann Veronesi applied for a policy of life insurance to be issued through American. American provided the application and issued the policy with an effective date of July 25, 2001. On March 4, 2002 Ms. Veronesi passed away. On March 15, 2002, Mr. William Parziale, the named beneficiary on Ms. Veronesi's life insurance policy, submitted a claim for the proceeds of the policy. On or about March 7, 2003 American rescinded the policy on the ground the Ms. Veronesi failed to properly answer Question 14, Part 2, (a) and (b).

AHL 00133

2. **Liability**

It is undisputed that American issued a life insurance policy to Maryanne Veronesi on July 25, 2001. Ms. Veronesi died on March 4, 2002. Rather than pay the policy benefit to Mr. Parziale, American rescinded the policy on the ground that Ms. Veronesi made a misrepresentation of fact in her application. The issue in this case is controlled by M.G.L. c. 175 Section 124 which provides that a life insurance policy issued without previous medical examination requires an insurer to prove that the insured's statements were willfully false, fraudulent, or misleading. Thus, an insurer which fails to prove that an insured's statement on an application for insurance was willfully false, fraudulent, or misleading is required to pay benefits. See *Torres v. Fidelity and Guaranty Life Insurance Company*, 34 Mass.App.Ct. 376, 611 N.E.2d 733 (1993).

The *Torres* case examined the relationship between two conflicting statutes, M.G.L.c. 175 Sections 124 and 186 to decide whether a life insurance policy, issued without a previous medical examination, is defeated by a representation which increases the risk of loss to the insurer but is not found to be willfully false, fraudulent or misleading. The Appeals Court of Massachusetts affirmed the Superior Court ruling that whether a misrepresentation increases the risk of loss is not a determining factor and such a policy may not be defeated.

The Commissioner of Insurance in the Thirty Third Annual Report (1888), part two at vii discussed the then new and growing business of life insurance and recommended in part "if . . . risks are taken without medical examination, an alleged misrepresentation by the applicant . . . . as to his physical condition, ought not to be permitted as a bar when a claim arises."

American's stated reason for rescinding the policy was an alleged misrepresentation by Ms. Veronesi. American has come forward with no evidence that any alleged misrepresentation on Ms. Veronesi's application for insurance was willfully false, fraudulent or misleading. Accordingly, American wrongfully denied Mr. Parziale's claim for benefits under the policy.

3. **Damages**

Ms. Veronesi bargained for a policy of insurance that would, upon her death, pay her chosen beneficiary $99,000. Mr. Parziale, the named beneficiary of that policy, has made a claim for payment under the policy. American has refused Mr. Parziale's demand for payment.

4. **American's Unfair Claim Settlement Practices**

As noted above, Ms. Veronesi died on March 4, 2002. A demand for benefits under the policy was made several days after her death. On June 18, 2002 Mr. Parziale

made a demand for payment under the policy. Mr. Parziale's demand included a claim of unfair and deceptive settlement practices pursuant to M.G.L.c. 93A. On July 1, 2002 American wrote to Mr. Parziale seeking his cooperation in obtaining additional medical records. Finally, on March 7, 2003 American sent a letter to Ms. Karen Ouellette, Executrix of Ms. Veronesi's Estate, informing her a decision had been made to rescind the policy

American has failed, pursuant to G.L. c. 93A and G.L. c. 176D, 3(9)(f) "to effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear." Given the fact that I have now supplied you with the applicable law necessary to settle this claim, American's failure to offer the policy limits is a knowing and willful violation of G.L. c. 93A.

Your attention is directed to the provisions of G.L. c. 93A, 9(3), which provides that a person receiving a demand letter has an opportunity to make a written tender of settlement within thirty days. This section further provides that "...if the court finds for the petitioner, recovery shall be in the amount of actual damages...; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two." See *Dimarzo v. American Mutual Ins. Co.*, 389 Mass. 85 (1983) (insurer held liable under c. 93A for bad faith failure to offer policy limits: claimant entitled to multiple damages and attorney's fees.) Accordingly, demand is hereby made for double damages, i.e., $188,000.00.

Therefore, unless American makes a reasonable offer of settlement, it is my intention to file a complaint in the Middlesex County Superior Court against American and to include a separate count for unfair claims settlement practices, seeking treble damages and attorney's fees.

Sincerely,

Patricia Michaels

PMM/

cc:   Mr. William Parziale

AHL 00135