UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVILL ACTION NO.: 04-11377-RBC

WILLIAM PARZIALE, )
 )
      Plaintiff, )
vs. )
 )
 )
AMERICAN HERITAGE LIFE )
INSURANCE COMPANY, A )
WHOLLY OWNED SUBSIDIARY )
OF THE ALLSTATE CORPORATION. )
 )
      Defendant. )

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT
FROM INTRODUCING INTO EVIDENCE ANY REFERENCE TO A RESTRAINING
ORDER ENTERED AGAINST WILLIAM**

Plaintiff, William Parziale, moves in limine to preclude defendant from introducing into evidence any reference to a restraining ordered entered by the Woburn District Court on or about August 1, 2001 involving William Parziale and Rosemary Magro. As grounds for this motion, plaintiff states that the records are not relevant to this action.

During the course of discovery, defendants obtained information concerning a restraining order entered by the Woburn District Court against William Parziale. William Parziale was married to Rosemary Magro f/k/a Parziale on August 20, 1983. They were going through a particularly difficult divorce and, during the divorce process, Rosemary Magro applied for and was granted a restraining order. The fact that there was a restraining order entered against William Parziale by his former wife while they were divorcing is not relevant to the within action and no relevant information can be gained by making any reference to any of the information contained in the divorce records.

Relevant evidence is evidence that has a tendency to prove an issue in the case. At issue in this case is whether the defendant has a duty to pay Parziale benefits under a life insurance policy issued to Maryann Veronesi by the defendant. Rule 401 of the Federal Rules of Evidence states, "'Relevant evidence" mean s evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" Information contained in the divorce records are not remotely relevant and can potentially prejudice jurors who may have strong beliefs concerning divorce.

For all of the above reasons, any reference to any information contained in plaintiff's divorce records are simply not relevant and are properly excluded from evidence.

          WILLIAM PARZIALE,
          By his attorney,

          /s/ Patricia Michaels
          **Patricia MICHAELS** (BBO#642945)
          LAW OFFICE OF PATRICIA MICHAELS
          10 Tremont Street 4th Floor
          Boston, MA 02108
          (617) 227-1550

Dated: July 18, 2006

## CERTIFICATE OF SERVICE

A copy of this motion and all attachments was served on all parties entitled to such notice in accordance with Rules 7004, 7005 via electronic notification on July 19, 2006.

          /s/ Patricia Michaels
          Patricia Michaels, BBO#642945)

Dated: July 19, 2006