UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVILL ACTION NO.: 04-11377-RBC

WILLIAM PARZIALE, )
)
    Plaintiff, )
)
vs. )
)
AMERICAN HERITAGE LIFE )
INSURANCE COMPANY, A )
WHOLLY OWNED SUBSIDIARY )
OF THE ALLSTATE CORPORATION. )
)
    Defendant. )

PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE HEARSAY STATEMNENTS
CONTAINED IN MEDICAL RECORDS

    Plaintiff, William Parziale, moves in limine to preclude defendants from introducing into evidence any reference contained in Maryann Veronesi's (Veronesi) medical records which recite that Veronesi was "planning on having a CT-scan."

    There are several references in the volume of medical records produced to date that contain the statement that Veronesi "was planning on having a CT-scan." However, there is no indication as to where or from whom this information was obtained. Quite the contrary, in the volumes medical records produced to date, there is not one note from any treating physician that indicates that Veronesi was ever told to have a CT-scan. In fact, her primary care physician, Dr. Joseph Rothchild, has specifically stated that he *did not* discuss the need for a CT-scan with Veronesi (See Exhibit 1 annexed hereto). Therefore, any such reference is hearsay and should be excluded and redacted from the medical records. See *Stull v. Fuqua Indus., Inc.*, 906 F.2d 1271, 1273-74 (8th Cir. 1990). (A statement in the medical record that "[a]pparently, [the plaintiff] . . . . jumped off the lawn mower and got his left heel caught under the lawn mower" was not admissible under Rule 803(4) because "the word 'apparently' in the hospital record indicates that the statement ... may not have been made by [the plaintiff]; it may instead represent conjecture on the part of the person filling out the record"). See also *Cook v. Hoppin*,

783 F.2d 684, 690 (7th Cir. 1986). Statements from unknown declarant relating to an alleged "wrestling match" in medical records were not admissible under Rule 803(4) because they "were not of the type medical personnel generally rely on in making a diagnosis and providing treatment."); see also *Petrocelli v. Gallison*, 679 F.2d 286, 288-91 (1st Cir. 1982) "Statements from unknown declarant in medical records regarding a nerve allegedly severed six months earlier were not admissible under "business records" exception in Fed.R.Evid. 803(6) because there was no indication where this information came from and statements were not diagnostic.). Since there is not one indication as to how the statement came to be included in the record, or who, if anyone, made the statement, and because the statement used for diagnostic purposes, any such reference is hearsay and inadmissible and should be redacted from the records..

    For all of the above reasons, any reference to any information contained in plaintiff's divorce records are simply not relevant and are properly excluded from evidence.

                                    WILLIAM PARZIALE,
                                    By his attorney,

                                    /s/ Patricia Michaels
                                    **Patricia MICHAELS** (BBO#642945)
                                    LAW OFFICE OF PATRICIA MICHAELS
                                    10 Tremont Street 4th Floor
                                    Boston, MA  02108
                                    (617) 227-1550

Dated: July 18, 2006

## CERTIFICATE OF SERVICE

    A copy of this motion and all attachments was served on all parties entitled to such notice in accordance with Rules 7004, 7005 via electronic notification on July 19, 2006.

                                    /s/ Patricia Michaels
                                    Patricia Michaels, BBO#642945)

Dated: July 19, 2006

# Lahey
CLINIC

41 Mall Road
Burlington, MA 01805
781-744-5100

September 29, 2004

Law Office of Patricia Michaels
10 Tremont Street, Fourth Floor
Boston, MA  02108

RE: FINK, MARYANN
LC#: 2060782

Dear Ms. Michaels:

I am responding to your letter of August 17. I apologize for the delay in getting back to you.

I have reviewed Mrs. Fink's record. She had been seen by myself and my resident, Vincent Bilello, on July 12, 2001. I was able to find an order for a thoracic CT scan written by Dr. Bilello. This was presumably prior to the emergency room visit, but unfortunately the order was undated. I presume that Dr. Bilello had spoken with her about her need for a CT scan, but I have no documentation of this. The likelihood is that she was aware that she needed a CT scan, and aware that there was a question of adenopathy in the chest. I myself did not speak with her regarding a possible diagnosis, other than discussing a possible infection on July 12, 2001.

Please let me know if you have additional questions.

Sincerely,

Joseph Rothchild, MD
Department of General Internal Medicine
(781) 744-8534

JR:kas
D: 09/29/2004 16:09:12
T: 09/30/2004 13:58:27
J: 4319736

CC:

THIS DOCUMENT WAS ELECTRONICALLY AUTHENTICATED BY Joseph Rothchild, MD ON 09/30/2004 15:25:24

I, Joseph Rothchild, MD, certify that the information contained in this letter is accurate and based upon my own knowledge and information. SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 17th day of JUNE, 2005.

Joseph Rotchchild MD

Exhibit 1