**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| WILLIAM PARZIALE, | ) | |
|  | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Civil Action No. 04-11377-RBC |
|  | ) | |
| AMERICAN HERITAGE LIFE INSURANCE COMPANY, A WHOLLY OWNED SUBSIDIARY OF THE ALLSTATE CORPORATION, | ) | |
|  | ) | |
| *Defendant.* | ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE HEARSAY EVIDENCE**

The Defendant, American Heritage Life Insurance Company ("AHL"), hereby respectfully requests that this Court exclude the September 29, 2004 letter from Joseph Rothchild, M.D. to Plaintiff's counsel, Patricia Michaels (the "Rothchild Letter"). Although Plaintiff William Parziale ("Parziale") did not list the Rothchild Letter as an exhibit on the Joint Pretrial Memorandum, Parziale has indicated to AHL that he wishes to introduce this document at trial. The Court should exclude the Rothchild Letter because this evidence is inadmissible hearsay.

**BACKGROUND**

In connection with the preparation of the Joint Pretrial Memorandum, counsel for AHL learned that counsel for Parziale intends to offer the Rothchild Letter in evidence at trial. The Rothchild Letter was written by Dr. Joseph Rothchild on September 29, 2004, apparently in response to a letter from Parziale's counsel, regarding his recollections of his treatment of the insured, Ms. Maryann Veronesi in July 2001. (See September 29, 2004 Letter, attached hereto as Exhibit A.) Counsel for AHL objected to inclusion of the Letter in the list of agreed-upon

exhibits in the Joint Pretrial Memorandum on the grounds that it is hearsay. Parziale did not include the Letter on his exhibit list.[1] Nonetheless, Parziale's counsel's representations to AHL's counsel leave no doubt that Parziale intends to attempt to introduce the Rothchild Letter in evidence at trial.

## ARGUMENT

### I.  THIS COURT SHOULD EXCLUDE THE ROTHCHILD LETTER BECAUSE IT CONSTITUTES INADMISSIBLE HEARSAY

The information contained in the Rothchild Letter is inadmissible because it is hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Under this standard, the Rothchild Letter is plainly hearsay because it is unrelated to any trial or hearing, and is offered for the truth of what it asserts, i.e. that Dr. Rothchild purportedly did not recall speaking with Ms. Veronesi regarding a possible diagnosis on or about July 12, 2001. Accordingly, this Court should exclude the Rothchild Letter because it constitutes inadmissible hearsay. Furthermore, as described below, this Court should exclude the Rothchild Letter because it does not meet any of the exceptions to the hearsay rule provided in the Federal Rules of Evidence.

---

[1] Indeed, Parziale's failure to include the Rothchild Letter on his exhibit list alone warrants exclusion of the Letter from introduction in evidence at trial. "[A]trial court may readily exclude a witness or exhibit if some previous order had set a deadline for identification and the proponent has, without adequate excuse, failed to list the witness or exhibit." Coastal Fuels Inc. v. Caribbean Petroleum Corp., 79 F.3d 182, 203 (1st Cir. 1996) (citation and internal punctuation omitted); see also Fed. R. Civ. P. 16(f) (failure to comply with pretrial order may result in sanctions including exclusion of evidence); Local Rule 43.1(b)(3)(b). Here, Parziale failed to list the Rothchild Letter on the exhibit list prior to the July 12, 2006 deadline provided in the Court's May 9, 2006 Order. Accordingly, this Court should exclude the Rothchild Letter from introduction in evidence.

## II. THIS COURT SHOULD EXCLUDE THE ROTHCHILD LETTER BECAUSE IT DOES NOT MEET ANY OF THE EXCEPTIONS TO THE HEARSAY RULE

Parziale cannot show that the Rothchild Letter meets any of the exceptions to the hearsay rule. First, the Rothchild Letter is dated September 29, 2004, long after the death of the insured, Ms. Veronesi, and after this action was commenced, and therefore cannot have been made "while the declarant was perceiving the event or condition, or immediately thereafter." See Fed. R. Evid. 803(1). Indeed it is self-evident that Dr. Rothchild is describing his recollection of events occurring more than three years before. (See Exhibit A.) Second, the statements in the Rothchild Letter were not made by a party to this action and therefore are not admissible as an admission within the meaning of Fed. R. Evid. 801(d)(2).

Third, the Rothchild Letter does not qualify as a record of regularly conducted activity within the meaning of Fed. R. Evid. 803(6), because it was not made at or near the time of Dr. Rothchild's treatment of Ms. Veronesi, nor does the Letter offer any indication that it was Dr. Rothchild's regular practice to write such letters. See Petrocelli v. Gallison, 679 F.2d 286, 289 (1st Cir. 1982) (to be admissible as a business record, medical document must contain information reported by a person as part of a "usual business or professional routine"). Indeed, the fact that the letter is written several years after Ms. Veronesi's death and after this litigation began – in response to an inquiry of Parziale's counsel – demonstrates that the Rothchild Letter is anything but routine, bringing it outside the scope of Fed. R. Evid. 803(6).

Fourth, Parziale cannot demonstrate that the Rothchild Letter constitutes a statement made for the purposes of medical diagnosis or treatment within the meaning of Fed. R. Evid. 803(4). See Bucci v. Essex Ins. Co., 393 F.3d 285, 298 (1st Cir. 2005) (to be admissible under Fed. R. Evid. 803(4), statement must be: (1) made for purposes of diagnosis or treatment, (2) about the patient's medical history, symptoms, or the cause of those symptoms, and (3) must be

reasonably pertinent to diagnosis or treatment).  Here, there is nothing in the Rothchild Letter to indicate that Dr. Rothchild is relating any statement that Ms. Veronesi made to him for purposes of her medical treatment, but rather, it summarizes Dr. Rothchild's purported recollections of what he may or may not have said to Ms. Veronesi.

In sum, because Parziale cannot show that the Rothchild Letter meets any exception provided under Federal Rules of Evidence, the Rothchild Letter it should be excluded as inadmissible hearsay.  See Tu v. Mutual Life Ins. Co., 136 F.3d 77, 81 (1st Cir. 1998) (unauthenticated documents were not admissible where there was no showing that the statements within them came within any hearsay exception).

### III. THE ROTHCHILD LETTER SHOULD BE EXCLUDED BECAUSE IT CONTAINS EVIDENCE THAT COULD BE ELICITED ON DIRECT EXAMINATION

Finally, Parziale can offer no reason why the Rothchild Letter should be admitted in evidence where the very same evidence could be obtained through direct examination of Dr. Rothchild at trial.  See Crowley v. L.L. Bean, Inc., 303 F.3d 387, 410 (1st Cir. 2002) (no error to exclude report summarizing the result of defendant's internal investigation where the same information could have been elicited through direct testimony from an employee of the defendant at trial).  Accordingly, because the Rothchild Letter contains evidence that could be presented at trial through live witness testimony, this Court should exclude the Rothchild Letter as hearsay.

### CONCLUSION

WHEREFORE, the Defendant American Heritage Life Insurance Company respectfully requests that this Court exclude the September 29, 2004 letter from Joseph Rothchild, M.D. as inadmissible hearsay.

Respectfully submitted,

AMERICAN HERITAGE LIFE INSURANCE COMPANY,

By its attorneys,

/s/ Hobart F. Popick
Jonathan I. Handler (BBO # 561475)
Hobart F. Popick (BBO # 658763)
DAY, BERRY & HOWARD LLP
One International Place
Boston, Massachusetts 02110
(617) 345-4600

Dated: July 19, 2006


**CERTIFICATION PURSUANT TO LOCAL RULE 7.1 (A)(2)**

Pursuant to Local Rule 7.1 (A)(2), I, Hobart F. Popick, Counsel for the Defendant, hereby certify that on July 12, 2006, I conferred with Patricia Michaels, Esq., attorney for the Plaintiff, in a good faith attempt to resolve or narrow the issues raised by the Defendant's Motion In Limine To Exclude Hearsay Evidence, filed herewith. The parties were unable to resolve or narrow the issues raised by the instant Motion

/s/ Hobart F. Popick
Hobart F. Popick


**CERTIFICATE OF SERVICE**

I, Hobart F. Popick, hereby certify that on the 19th day of July, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to: Patricia Michaels, Esq., 10 Tremont St., 4th Floor, Boston, Massachusetts 02108.

/s/ Hobart F. Popick
Hobart F. Popick