## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM PARZIALE, | ) |
| | ) |
| *Plaintiff,* | ) |
| v. | ) Civil Action No. 04-11377-RBC |
| | ) |
| AMERICAN HERITAGE LIFE INSURANCE | ) |
| COMPANY, A WHOLLY OWNED | ) |
| SUBSIDIARY OF THE ALLSTATE | ) |
| CORPORATION, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

## DEFENDANT'S MOTION IN LIMINE
## TO EXCLUDE USE OF PHOTOGRAPHS DURING OPENING STATEMENTS

The Defendant, American Heritage Life Insurance Company ("AHL"), hereby respectfully requests that this Court exclude the use of any photographs of the insured, Ms. Maryann Veronesi, during William Parziale's ("Parziale")'s opening statement. The Court should exclude the use of any such photographs during Parziale's opening statement because this evidence is irrelevant and unfairly prejudicial to AHL.

## BACKGROUND

In connection with preparation of the Joint Pretrial Statement, Parziale's counsel informed counsel for AHL that she intends to display photographs of the insured, Ms. Maryann Veronesi, during her opening statement. Counsel stated that she wanted to display the photographs of Ms. Veronesi so that the jury could "get to know" the decedent insured. Counsel did not assert that the photographs show anything other than Ms. Veronesi's physical appearance. Counsel for AHL objected to this request on the grounds that the photographs are irrelevant and unfairly prejudicial. Nonetheless, Parziale's counsel re-stated her intention to use

the photographs during her opening statement, and she invited counsel for AHL to file a motion *in limine* if AHL would not assent to her request. Therefore, for the reasons stated below, AHL now requests that this Court exclude the use of any photographs of Ms. Veronesi during Parziale's opening statement.

## <u>ARGUMENT</u>

### I.    THE PHOTOGRAPHS OF MS. VERONESI HAVE NO PLACE IN PARZIALE'S OPENING STATEMENT.

"The purpose of an opening statement 'is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole.'" <u>United States v. Hershenow</u>, 680 F.2d 847, 857 (1st Cir. 1982) <u>quoting</u> <u>United States v. Dinitz</u>, 424 U.S. 600, 612 (1976) (Burger, C. J., concurring); <u>see also</u> <u>Testa v. Village of Mundelein</u>, 89 F.3d 443, 446 (7th Cir. 1996) (citations omitted). Counsel for Parziale has expressed no intention to offer the photographs in evidence in this case. Rather, Counsel apparently intends to offer the photographs by way of argument, to persuade the jury to find in her client's favor. "[I]t is fundamentally unfair to an opposing party to allow an attorney, with the standing and prestige inherent in being an officer of the court, to present to the jury statements not susceptible of proof but intended to influence the jury in reaching a verdict." <u>Dinitz</u>, at 612 (Burger, C.J., concurring). In such an instance, it is incumbent upon the court to take affirmative action to protect the integrity of the trial. <u>Id.</u>, <u>see also</u> <u>Hershenow</u>, at 858 ("The scope and extent of an opening is within the control of the trial court …") Therefore, because the photographs of Ms. Veronesi will not be offered in evidence at trial, but rather will be used solely for improper argument, this Court should exclude their use during Parziale's opening statement.

II. **THE COURT SHOULD EXCLUDE THE USE OF PHOTOGRAPHS OF MS. VERONESI DURING PARZIALE'S OPENING STATEMENT BECAUSE THEY ARE IRRELEVANT.**

Even if this Court finds that the use of the photographs of Ms. Veronesi during Parziale's opening statement is appropriate, the Court should exclude such use of the photographs because they are irrelevant. See Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The photographs of Ms. Veronesi do not tend to make any fact in this case more or less probable, because there is no indication that the photographs have any bearing whatsoever upon the issues to be decided at trial. Thus, because Parziale can offer no basis whatsoever as to the admissibility – let alone relevance – of the photographs of Ms. Veronesi, this Court should exclude their use during opening statements. See M & I Heat Transfer Prods. v. Gorchev, 141 F.3d 21, 23 (1st Cir. 1998) (district judge properly excluded mention of unrelated litigation from opening statements so that it could evaluate the evidence in context during trial).

Parziale's claims arise out of an insurance policy issued by AHL on the life of Ms. Veronesi (the "Policy"). This is not a wrongful death case. Counsel for Parziale makes no contention that the photographs of Ms. Veronesi are in any way related to Ms. Veronesi's application for the Policy, Parziale's claim under the Policy, or AHL's decision to deny Parziale's claim. Accordingly, the photographs are irrelevant to the issues to be tried in this case and should be excluded from Parziale's opening statement. See Palmer v. Norfolk & Western Ry. Co., 646 F. Supp. 610, 614 (W.D. Va. 1985) (granting motion in limine to preclude any mention or display of photographs during opening statements). Indeed, Parziale's counsel has represented to counsel for AHL that the only purpose for showing these photographs in her

opening statement is to invite the jury to "get to know" the decedent insured.  Thus, the

photographs will be offered solely for the improper purpose of appealing to the sympathies of the

jury.  Any photographs of Ms. Veronesi are wholly irrelevant to any issue to be tried in this case,

and therefore should be excluded from Parziale's opening statement.

III.    **THE COURT SHOULD EXCLUDE THE USE OF PHOTOGRAPHS OF MS. VERONESI DURING PARZIALE'S OPENING STATEMENT BECAUSE THEY ARE UNFAIRLY PREJUDICIAL TO AHL.**

Even if this Court finds that the photographs of Ms. Veronesi are relevant, the Court

should nonetheless exclude them from Parziale's opening statement under Fed. R. Evid. 403

because any probative value of the photographs is substantially outweighed by the danger of

unfair prejudice they present.  See, e.g., Chapman v. Bernard's, Inc., 167 F. Supp. 2d 406, 418

(D. Mass. 2001) (excluding statement of defendant's salesperson where it created substantial

danger that it would be interpreted as evidence that the allegedly defective product was a

particular model manufactured by the defendant).  As described above, counsel for Parziale

concedes that she intends to offer the photographs in her opening statement solely for the

improper purpose of appealing to the emotions of the jury.  See Carias-Reyes v. Lee, 1996 U.S.

Dist. LEXIS 4620 *6-7 (E.D. La. Apr. 8, 1996) (excluding photographs of decedent's girlfriend

and decedent's tattoos from trial in wrongful death action as irrelevant and prejudicial under Fed.

R. Evid. 403 where they could inflame the jury to decide the case of reasons unrelated to the

issues to be tried).  AHL does not dispute that Ms. Veronesi died, or that she died at the age of

33.  When the jury is presented with a photograph of Ms. Veronesi – a young woman who met

with an untimely death – it is likely to invoke emotions ranging from sadness to empathy among

the jurors, but it will offer the jurors no additional information that is relevant to any of the issues

they must decide in this case.  Any probative value these photographs might have is substantially

-4-

outweighed by the danger of unfair prejudice they pose, and this Court should therefore exclude the use of any photographs of Ms. Veronesi during Parziale's opening statement.

**CONCLUSION**

WHEREFORE, the Defendant American Heritage Life Insurance Company respectfully requests that this Court exclude the use of any photographs of Ms. Maryann Veronesi during Plaintiff's opening statement as irrelevant and unfairly prejudicial.

Respectfully submitted,

AMERICAN HERITAGE LIFE INSURANCE COMPANY,

By its attorneys,

/s/ Hobart F. Popick
Jonathan I. Handler (BBO # 561475)
Hobart F. Popick (BBO # 658763)
DAY, BERRY & HOWARD LLP
One International Place
Boston, Massachusetts 02110
Dated: July 19, 2006                (617) 345-4600

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1 (A)(2)**

Pursuant to Local Rule 7.1 (A)(2), I, Hobart F. Popick, Counsel for the Defendant, hereby certify that on July 12, 2006, I conferred with Patricia Michaels, Esq., attorney for the Plaintiff, in a good faith attempt to resolve or narrow the issues raised by the Defendant's Motion In Limine To Exclude Use Of Photographs During Opening Statements, filed herewith. The parties were unable to resolve or narrow the issues raised by the instant Motion

/s/ Hobart F. Popick
Hobart F. Popick

## <u>CERTIFICATE OF SERVICE</u>

       I, Hobart F. Popick, hereby certify that on the 19th day of July, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to:  Patricia Michaels, Esq., 10 Tremont St., 4th Floor, Boston, Massachusetts 02108.

                        /s/ Hobart F. Popick

                        Hobart F. Popick