UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM PARZIALE,<br><br>    *Plaintiff,*<br>v.<br><br>AMERICAN HERITAGE LIFE INSURANCE COMPANY, A WHOLLY OWNED SUBSIDIARY OF THE ALLSTATE CORPORATION,<br><br>    *Defendant.* | Civil Action No. 04-11377-RBC |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL
RESPONSE TO REQUEST FOR ADMISSIONS**

Pursuant to Local Rule 7.1 and the Court's May 9, 2006 Order, Defendant American Heritage Life Insurance Company ("AHL") hereby responds Plaintiff William Parziale ("Parziale")'s Motion to Compel Response to Request for Admissions (the "Motion to Compel" or the "Motion").[1] The Court should deny the Motion to Compel because Parziale's Requests for Admission (the "Requests") are untimely, (i.e., they came more than a full year after the close of discovery) and because the Requests improperly seek to have AHL admit information as to which it could not possibly have knowledge.

---

[1] This Court need not reach the merits of the Motion to Compel because Parziale has failed to comply with Local Rules 7.1(A)(2) and 37.1 and Fed. R. Civ. P. 37(a)(2)(A), which require counsel to confer in good faith to narrow the issues in dispute before filing a motion to compel. Counsel for Parziale never contacted counsel for AHL regarding the Motion to Compel, nor did Parziale include any certification of any such conference with the Motion. Accordingly, this Court should not consider Parziale's Motion to Compel. See Local Rule 26.2(C) ("The judicial officer shall not consider any discovery motion that is not accompanied by a certification, as required by LR 7.1(A)(2) and LR 37.1(B) …"); see also, e.g., Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 101 (D. Mass. 1996) (denying motion to compel that failed to comply with meet and confer requirements in Local Rules).

**BACKGROUND**

On July 13, 2006, the day after the parties submitted the Joint Pretrial Memorandum, and more than one year after the March 8, 2005 discovery deadline provided in the December 14, 2004 Scheduling Order in this action, Parziale served AHL with requests for admission. (See Plaintiff's Request for Admissions, attached hereto as **Exhibit A**.)  Although Parziale never took the deposition of Dr. Joseph Rothchild, the Requests seek to have AHL admit the authenticity and truthfulness of a letter from Dr. Rothchild to counsel for Parziale dated September 29, 2004 (the "Rothchild Letter" or the "Letter") regarding Dr. Rothchild's recollections of his treatment of the insured, Ms. Mary Ann Veronesi.  On July 14, 2006, counsel for AHL wrote to counsel for Parziale, informing counsel that AHL did not intend to respond to the Requests, as they were untimely.  (See July 14, 2006 letter, attached hereto as **Exhibit B.**)  On July 19, 2006, AHL filed a motion *in limine* to preclude Parziale from introducing the Rothchild Letter in evidence on the grounds that it is hearsay.  On the same day, Parziale filed the instant Motion to Compel.

**ARGUMENT**

I. **PARZIALE'S MOTION TO COMPEL SHOULD BE DENIED BECAUSE THE DISCOVERY IT SEEKS IS UNTIMELY.**

Parziale's contention that the Requests are timely because requests for admission are not discovery devices, and therefore not subject to temporal limitations on discovery, is plainly incorrect.  Indeed, the structure and purpose of the Federal Rules of Civil Procedure make clear that the drafters intended requests for admissions to be considered a means of discovery.  The drafters included Rule 36, which governs requests to admit, in Chapter V, entitled "Depositions and Discovery."  Further, Rule 36(a) expressly provides that a request for admission may seek information within the scope of Rule 26(b)(1), which defines the scope and limits of

discoverable information, and Rule 26(a)(5) explicitly lists requests for admissions as a means of obtaining discovery.

Moreover, given that requests for admission are listed among other types of discovery in numerous instances in the Local Rules, it is self-evident that requests for admission are discovery devices. See Local Rule 26.1(C) (including requests for admission among types of discovery subject to numerical limitation); Local Rule 26.2(B)(2) (including requests for admission among types of discovery for which party must obtain leave of court to exceed limitations provided in Local Rule 26.1(C)); Local Rule 26.6(A) (including requests for admission among types of discovery not to be filed with the court without court order); and Local Rule 37.1(B)(4) (motion to compel response to discovery requests, including requests for admission, must specifically reference each request in dispute). Indeed, a number of federal courts have specifically held that requests for admission are subject to discovery deadlines. See, e.g., Gluck v. Ansett Australia Ltd., 204 F.R.D. 217, 219 (D. D.C. 2001) (citing cases, holding that the "structure and purpose of the federal rules" subject requests for admission to scheduling order deadlines).

The Scheduling Order in this action provides that all discovery shall be served by March 8, 2005, and all responses shall be complete by April 14, 2005. Thus, as described above, the Requests fall squarely within the scope of this discovery deadline, and therefore any effort to take discovery outside of this time frame is improper. Parziale's attempt to serve the Requests on July 13, 2006, over a year after the close of discovery and just one month before trial in this action, is a direct violation of the Scheduling Order. "[L]itigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." Morrissey v. Webster Bank, N.A., 417 F. Supp. 2d 183, 186 (D. Mass. 2006), quoting O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 155 (1st Cir. 2004). In short,

because the Requests are untimely, AHL is under no obligation to respond to them and, accordingly, this Court should deny the Motion to Compel.

**II.   PARZIALE'S MOTION SHOULD BE DENIED BECAUSE THE REQUESTS SEEK INFORMATION THAT IS NOT THE PROPER SUBJECT OF A RULE 36 REQUEST TO ADMIT.**

Even if this Court found that the Requests were timely served, the Motion to Compel should nonetheless be denied because the Requests seek information from AHL that is not the proper subject of a Rule 36 request. Essentially, Parziale wishes to have AHL "admit" the authenticity and truthfulness of a written statement that Parziale procured solely for purposes of the litigation and well after he filed the Complaint. This is inconsistent with the purpose of Rule 36. "Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily available from persons and documents within the responding party's relative control." Concerned Citizens of Belle Haven v. Belle Haven Club, 223 F.R.D. 39, 44 (D. Conn. 2004) (citations and internal punctuation omitted) (emphasis added); see also Veranda Beach Club Limited Partnership v. Western Surety Co., 936 F.2d 1364, 1374 (1st Cir. 1991) (Rule 36 requires "that the respondent make 'reasonable inquiry' into the subject matter of the requests.")

Here, Parziale requests that AHL admit the authenticity of the Rothchild Letter and the truthfulness of Dr. Rothchild's statements regarding his recollections of his medical treatment of Ms. Veronesi. AHL has no control over Dr. Rothchild; indeed, he is not now, nor has he ever been affiliated in any way with AHL. Thus, AHL is without any information as to the truth or falsity of Dr. Rothchild's assertions. In these circumstances, there is no inquiry that AHL could make – reasonable or otherwise – that would allow AHL to truthfully answer Parziale's requests. See Concerned Citizens of Belle Haven, 223 F.R.D at 44. Further, as Parziale is well aware, the

-4-

information contained in the Rothchild Letter is in genuine dispute and, accordingly, these issues should be decided at trial, not by responses to requests for admission.[2] See id. at 44-45 (facts in genuine dispute sought in requests for admission are to be decided at trial). Therefore, even if the Requests were timely served, the Court should deny the Motion to Compel because Parziale's Requests are not the proper subject of a Rule 36 request to admit.

## CONCLUSION

WHEREFORE, the Defendant American Heritage Life Insurance Company respectfully requests that this Court deny Plaintiff's Motion to Compel Response to Request for Admissions.

Respectfully submitted,

AMERICAN HERITAGE LIFE INSURANCE COMPANY,

By its attorneys,

/s/ Hobart F. Popick
Jonathan I. Handler (BBO # 561475)
Hobart F. Popick (BBO # 658763)
DAY, BERRY & HOWARD LLP
One International Place
Boston, Massachusetts 02110
(617) 345-4600

Dated: July 25, 2006

---

[2] Parziale's contention that "Defendant's refusal to respond to the request will result in prolonging the trial in incurring the expense of requiring Dr. Rothchild to appear at the trial to testify" is ill-founded, particularly given Parziale's decision not to take Dr. Rothchild's deposition. Indeed, Parziale's Requests could be viewed as a transparent eleventh hour attempt to convert the Rothchild Letter – a document that is almost surely inadmissible – into a set of stipulated facts to avoid calling a witness who may prove to be unavailable, or unhelpful, at trial.

**CERTIFICATE OF SERVICE**

      I, Hobart F. Popick, hereby certify that on the 25th day of July, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to: Patricia Michaels, Esq., 10 Tremont St., 4th Floor, Boston, Massachusetts 02108.

                                            /s/ Hobart F. Popick
                                            Hobart F. Popick