**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| WILLIAM PARZIALE, | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Civil Action No. 04-11377-RBC |
| AMERICAN HERITAGE LIFE INSURANCE COMPANY, A WHOLLY OWNED SUBSIDIARY OF THE ALLSTATE CORPORATION, | ) ) ) ) ) ) | |
| *Defendant.* | ) ) | |

## DEFENDANT'S OMNIBUS OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE

Pursuant to Local Rule 7.1 and the Court's May 9, 2006 Order, Defendant American Heritage Life Insurance Company ("AHL") hereby submits its Omnibus Opposition (the "Opposition") to Plaintiff William Parziale ("Parziale")'s four motions *in limine* filed on July 19, 2006 (collectively, "Parziale's Motions" or the "Motions").[1]  For the reasons stated below, the Court should deny Parziale's Motions.[2]

---

[1] Although AHL does not oppose Parziale's *Motion in Limine to Preclude Defendant from Introducing Into Evidence Any Reference To A Restraining Order Against William* [sic] and Parziale's *Motion In Limine To Preclude Defendant from Introducing Into Evidence Any Reference To Information Contained In Plaintiff William Parziale's Divorce Records,* AHL expressly reserves the right to inquire as to these subjects during cross-examination if Parziale raises them during direct examination.  See Fed. R. Evid. 611(b).

[2] This Court need not reach the merits of Parziale's Motions because counsel for Parziale has failed to confer in good faith with counsel for AHL in attempt to resolve or narrow the issues in dispute, as required by the Local Rules.  See Local Rule 7.1(A)(2) ("No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue.")

**ARGUMENT**

I.  **THE STATEMENTS CONTAINED IN MS. VERONESI'S MEDICAL RECORDS ARE ADMISSIBLE AS STATEMENTS MADE FOR PURPOSES OF DIAGNOSIS OR TREATMENT**

The Court should deny Parziale's *Motion In Limine To Preclude Hearsay Statements Contained In Medical Records* (the "Motion to Preclude Statements in Medical Records") because the statements within those records regarding Maryann Veronesi (a/k/a Fink) ("Ms. Veronesi")'s planned CT scan are admissible as statements made for purposes of diagnosis or treatment pursuant to Fed. R. Evid. 803(4).[3]

Parziale seeks to exclude from introduction in evidence any reference in Ms. Veronesi's medical records stating that she was "planning on having a CT scan" on the grounds that it is hearsay.  (See Motion to Preclude Statements in Medical Records, p. 1.)  One such document, a Discharge Summary dated July 31, 2001 prepared by Dr. Christine Williamson at the Lahey Clinic, states, in pertinent part:

> History:  This is a 32-year-old woman who presented to the emergency room complaining of shortness of breath.  She states 3 weeks ago she noticed a difficulty swallowing, but no pain. … She had a chest x-ray ordered by her primary care physician last week, which would be mid July of this year, which showed some question of adenopathy in the chest … <u>she was planning to have a CT scan of the chest to investigate this.</u>

July 31, 2001 Discharge Summary (attached hereto as Exhibit A) (emphasis added).

---

[3] Although Ms. Veronesi's medical records in some cases contain multiple layers of hearsay (i.e. both the medical records and the statements within them are out of court statements offered for their truth), both are admissible because each layer of hearsay satisfies an exception to the hearsay rule.  See U.S. v. Ferber, 966 F. Supp. 90, 96 (1st Cir. 1997), citing Fed. R. Evid. 805.  First, Ms. Veronesi's medical records are admissible as business records under Fed. R. Evid. 803(6) because they are "kept in the course of a regularly conducted business activity, and … it was the regular practice of that business activity to make the … record."  Fed. R. Evid. 803(6).  Second, as described below, the statements within Ms. Veronesi's records are admissible as statements made for the purposes of diagnosis or treatment under Fed. R. Evid. 803(4).

Rule 803(4) of the Federal Rules of Evidence permits courts to admit hearsay statements contained in medical records if certain requirements are met. "Under Rule 803(4), there are three requirements for the admission of out-of-court statements: (1) the statements must be made for purposes of diagnosis or treatment (2) about (i) medical history (ii) or past or present symptoms, pain or sensations or (iii) about the inception or general character of the cause or external source thereof (3) insofar as they are reasonably pertinent to diagnosis or treatment." See Bucci v. Essex Ins. Co., 393 F.3d 285, 298 (1st Cir. 2005) quoting Danaipour v. McLarey, 386 F.3d 289, 297 (1st Cir. 2004).

Here, the references to Ms. Veronesi's planned CT scan satisfy all three criteria and, therefore, these statements are admissible in evidence pursuant to Rule 803(4). First, it is apparent from the "History" section of Dr. Williamson's July 31, 2001 Discharge Summary that Ms. Veronesi related the information therein to Dr. Williamson for "purposes of diagnosis or treatment." See Bucci, at 298; (see also Exhibit A) ("32-year-old woman … complaining of shortness of breath. She states 3 weeks ago she noticed a difficulty swallowing …) (emphasis added). "There is no requirement, either in the text of the Rule, or in the case law, that the speaker be the patient himself." Bucci, at 298. Rather, "the declarant's motive to promote treatment or diagnosis is the factor crucial to reliability." Id., quoting Daniapour, 386 F.3d at 298. Indeed, the identity of the speaker in a medical record need not be explicitly stated where, as here, "it is nonetheless clear that the statements were made for purposes of medical treatment and were admissible." See Bucci, 393 F.3d at 299 (noting that statements in plaintiff's medical records regarding the nature of his injuries and how he sustained them were "clearly made by [plaintiff] or a witness to the attack for purposes of medical treatment.")

Second, the statements concern Ms. Veronesi's medical history (see Exhibit A, p. 1) (noting Ms. Veronesi saw her primary care physician in mid July, who ordered a chest x-ray showing "some question of adenopathy … she was planning to have a CT scan of the chest to investigate this"). Further, the statements concern Ms. Veronesi's "past or present symptoms, pain or sensations" and the "inception or general character" of the symptoms. See Bucci, 393 F.3d at 298; (see also Exhibit A, p. 1) (noting Ms. Veronesi's complaints of shortness of breath, difficulty swallowing, left chest pain, heaviness in the arm, and hoarseness; difficulty swallowing began three weeks ago without pain, arm felt heavy on Sunday, some shortness of breath while walking).

Third, the statements are "reasonably pertinent to diagnosis or treatment" Bucci, at 298, because they relate directly to the ailment Ms. Veronesi complained of (i.e. hoarseness, shortness of breath and difficulty swallowing), and to the course of treatment being prescribed by Dr. Williamson. (See Exhibit A, p. 2) (noting that patient will follow up with Dr. Williamson in 1-2 weeks "to discuss final pathology results and further treatment.")  See also Danaipour, 386 F.3d at 297, n. 1 ("There are many ways in which a party wishing to enter into evidence a statement under Rule 803(4) can demonstrate that the statement was made for the purpose of diagnosis or treatment; a per se rule requiring a doctor to explain to the victim why a [particular] statement … is important to diagnosis and treatment is unnecessarily inflexible."); Onujiogu v. U.S., 817 F.2d 3, 4-5 (1st Cir. 1987) (holding that parent's statement that child was burned when he pulled a pot of hot water onto himself was reasonably pertinent to medical diagnosis and treatment).

Parziale cites Cook v. Hoppin, 783 F.2d 684 (7th Cir. 1986), Stull v. Fuqua Industries, Inc., 906 F.2d 1271 (8th Cir. 1990), and Petrocelli v. Gallison, 679 F.2d 286 (1st Cir. 1982)

apparently for the proposition that statements from an unknown declarant may not be admitted pursuant to Fed. R. Evid. 803(4). Parziale is incorrect.

First, as described above, there is no requirement that the identity of the speaker in a medical record be known where, as here, the statements in issue were made for purposes of medical treatment. See Bucci, 393 F.3d at 299. Second, the cases Parziale cites can be readily distinguished from this case, in that the statements in Cook, Stull and Petrocelli were plainly uninformed opinions regarding the origin of the plaintiffs' injuries, of which the declarants could not possibly have had any knowledge. In Stull, the court held that the word "apparently" in the statement in question indicated that the declarant lacked personal knowledge of the particular facts described; indeed, the treating physician testified at trial that he had no idea from whom the statement was obtained. See Stull, 906 F.2d at 1274. In Cook, the court held that the statement in plaintiff's medical records that he had been involved in a "wrestling match" just prior to sustaining his injuries was not the type of statement that hospital staff would typically rely upon, and the treating physician so testified. See Cook, 783 F.2d at 689. In Petrocelli, the court held that statements in plaintiff's medical records regarding his personal theory as to how his hernia operation had been mishandled by his treating physician did not meet the business records exception in Rule 803(6).

Here, the statements in Ms. Veronesi's medical records are of an entirely different character. The statements regarding Ms. Veronesi's planned CT scan concerned her diagnosis or treatment, not a speculative theory as to the origins of her ailments.[4] Moreover, the statements

---

[4] The September 29, 2004 from Dr. Rothchild offers no support for Parziale's argument regarding the supposed unreliability of these statements. First, Dr. Rothchild has not been deposed in this action, nor has he ever given any testimony as to the origin of the statements regarding Ms. Veronesi's planned CT scan. Cf. Stull, 906 F.2d at 1274, Cook, 783 F.2d at 689. Second, as Parziale is well aware, AHL has filed a motion *in limine* to exclude the September 29,

are plainly of a type that medical personnel would rely upon – indeed, Dr. Williamson thought Ms. Veronesi's planned CT scan to be significant enough to include in her July 31, 2001 Discharge Summary.  (See Exhibit A.)  Thus, the statements are admissible in evidence as statements made for diagnosis or treatment under Rule 803(4).

Finally, given the context of the statements regarding Ms. Veronesi's planned CT scan, there are only a limited number of persons other than Ms. Veronesi who could have made them, all of whom were employed by the Lahey Clinic.  See Onujiogu, 817 F.2d at 5 (holding that trial court did not err in admitting statements in hospital records concerning source of plaintiff's injuries under Fed. R. Evid. 803(4) where trial court found that the plaintiff was the "only person in a position to relate what happened … this information didn't come in by a carrier pigeon who was flying past the window at the time the accident happened.")  Thus, contrary to Parziale's assertions, it is apparent from the context of these statements that they were made to further Ms. Veronesi's diagnosis or treatment, and therefore they are admissible under Rule 803(4). Accordingly, the Court should deny Parziale's Motion to Preclude Statements in Medical Records.

## II. THE COURT SHOULD DENY PARZIALE'S IMPROPER REQUEST FOR PRE-OPENING INSTRUCTIONS

In Plaintiff's *Motion in Limine for Pre-Opening Instructions* (the "Motion for Pre-Opening Instructions"), Parziale requests that this Court instruct the jury prior to opening statements that AHL has the burden of proving that the representations on Ms. Veronesi's

---

2004 letter from introduction in evidence at trial as inadmissible hearsay.  Accordingly, Dr. Rothchild's statements in a document created three years after the fact and solely for purposes of litigation – and that is almost certainly inadmissible – should have no bearing on the admissibility of contemporaneous statements contained in Ms. Veronesi's medical records, especially where Dr. Rothchild did not author the medical records in question.

application were "willfully false, fraudulent or misleading." See M.G.L. c. 175, § 124. Although AHL does not dispute that M.G.L. c. 175, § 124 is applicable to this action, Parziale's request for "pre-opening instructions" is not authorized by any rule, statute or legal precedent (indeed, Parziale cites no authority permitting such a request).  Further, Parziale's request is contrary to the Court's May 9, 2006 Pre-Trial Order, which provides an orderly mechanism for the parties to submit proposed jury instructions.  Finally, even if such a procedure was permissible, instructing the jury before opening statements would invite the jurors to decide the case before hearing any evidence.  Therefore, the Court should deny Parziale's request for pre-opening instructions.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Defendant American Heritage Life Insurance Company respectfully requests that this Court deny Plaintiff's Motions In Limine.

Respectfully submitted,

AMERICAN HERITAGE LIFE INSURANCE COMPANY,

By its attorneys,

/s/ Hobart F. Popick
Jonathan I. Handler (BBO # 561475)
Hobart F. Popick (BBO # 658763)
DAY, BERRY & HOWARD LLP
One International Place
Boston, Massachusetts 02110
(617) 345-4600

Dated: August 2, 2006

## CERTIFICATE OF SERVICE

  I, Hobart F. Popick, hereby certify that on the 2nd day of August, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to: Patricia Michaels, Esq., 10 Tremont St., 4th Floor, Boston, Massachusetts 02108.

                 /s/ Hobart F. Popick
                 Hobart F. Popick