UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVILL ACTION NO.: 04-11377-RBC

WILLIAM PARZIALE, )
)
    Plaintiff, )
vs. )
)
)
AMERICAN HERITAGE LIFE )
INSURANCE COMPANY, A )
WHOLLY OWNED SUBSIDIARY )
OF THE ALLSTATE CORPORATION. )
)
    Defendant. )

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE USE OF ANY PHOTOGRAPHS DURING OPENIN G STATEMENT

    By way of opposition to defendant's motion to exclude use of photographs during plaintiff's opening statement, Plaintiff, William Parziale, states as follows:

    The crux of this case is whether Maryann Veronesi (Veronesi) made a material misrepresentation of fact as to whether, prior to the time she completed the application for insurance, she had been told she needed a CT-scan or had been treated at a medical facility. Unfortunately, Veronesi is deceased. Therefore, plaintiff's counsel advised defendant that she would like to use a photograph of Ms. Veronesi. Plaintiff does not intend to introduce the photos into evidence.

    The defendant intends to introduce the application for insurance completed by Veronesi and to assert that she made material misrepresentations on that application. There is no one who can testify as to what Veronesi knew or believed at the time she completed the application. The fact that Veronesi was diagnosed with lung cancer and died within six months after having been diagnosed is prejudicial in that many persons might form an opinion that her state of health would be reflected in her appearance. It is anticipated that there will be testimony that Veronesi appeared healthy. She was a vibrant young woman who worked until the weekend she died. She endured chemotherapy treatments and did not miss work. The picture that plaintiff would like to

use is dated October 6, 2001, approximately three months into her chemotherapy treatments. The picture merely serves to affirm testimony that is expected to be offered as to Veronesi's appearance at or about the time she completed the application. Again, plaintiff's counsel intends to use the picture for the sole purpose of providing the jury the same opportunity it would have if Veronesi were alive -- they would see her and be able to come to some conclusion as to the credibility of live testimony offered by other witnesses in this case.

Defendant argues that plaintiff intends to offer the photographs by way of argument. The only reference plaintiff intends to make to the photos during the opening statement is simply to inform the jury that the woman in the photo is Veronesi and that she is the person who completed and signed the application for insurance that is the subject of this lawsuit.

When plaintiff's counsel informed defense counsel about the pictures, defense counsel's reaction was that it was not fair because he could not show the jury a picture of the insurance company.

For all of the above reasons, plaintiff respectfully requests this court deny defendant's motion to exclude photographs during the opening statement.

WILLIAM PARZIALE,
By his attorney,

/s/ Patricia Michaels
**Patricia MICHAELS** (BBO#642945)
LAW OFFICE OF PATRICIA MICHAELS
10 Tremont Street 4th Floor
Boston, MA 02108
(617) 227-1550

Dated: July 18, 2006

CERTIFICATE OF SERVICE

A copy of this motion and all attachments was served on all parties entitled to such notice in accordance with Rules 7004, 7005 via electronic notification on July 19, 2006.

Dated: July 19, 2006

/s/ Patricia Michaels
Patricia Michaels, BBO#642945)