# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM PARZIALE,<br><br>            *Plaintiff,*<br><br>v.<br><br>AMERICAN HERITAGE LIFE INSURANCE COMPANY, A WHOLLY OWNED SUBSIDIARY OF THE ALLSTATE CORPORATION,<br><br>            *Defendant.* | Civil Action No. 04-11377-RBC |

## AMERICAN HERITAGE LIFE INSURANCE COMPANY'S TRIAL BRIEF

Pursuant to Local Rule 16.5(F) and the Court's May 9, 2006 Order, defendant American Heritage Life Insurance Company ("AHL") hereby submits the following trial brief to assist the Court in rendering its decision on whether plaintiff William Parziale ("Parziale") has proven his claim under M.G.L. c. 93A. AHL expects that Parziale will fail to present any evidence at trial that would support a claim under c. 93A.

## WHAT THE EVIDENCE WILL SHOW [1]

On September 21, 2001, American Heritage Life Insurance Company ("AHL") issued a policy insuring the life of Ms. Maryann Veronesi ("Veronesi") in the amount of $99,000 under AHL Policy Number 95071110 (the "Policy"). Parziale was named as a beneficiary under the Policy. The Policy application is dated July 25, 2001.

---

[1] For a more complete statement of the facts, see Undisputed Facts and Defendant's Concise Summary of the Evidence in the Joint Pretrial Memorandum, which AHL specifically incorporates herein by reference.

Although Veronesi had sought medical treatment at the Lahey Clinic in Burlington, Massachusetts several times for a variety of ailments during December 2000 and in June of 2001, she made no mention of these visits on her application for the Policy.  Likewise, Veronesi made no mention of her July 12, 2001 visit to the office of Dr. Joseph Rothchild.  On July 25, 2001, Veronesi was again admitted to the emergency room at the Lahey Clinic, complaining of difficulty breathing and hoarseness.  A CT scan performed the evening of July 25, 2001 revealed a malignant mass in Veronesi's lung.  Just over seven months later, on March 4, 2002, Veronesi died.  The primary cause of her death was "mediastinal large cell carcinoma."[2]  That afternoon, Parziale made a claim under the Policy via telephone and submitted a Claimant's Statement on or about March 14, 2002.

During its investigation of Parziale's claim, AHL responded to Parziale's inquiries, speaking to him on the telephone on several occasions.  AHL also corresponded regularly with Parziale to inform him of the status of his claim.  Although AHL requested that Parziale provide Veronesi's complete medical records, the process was delayed because AHL was required to obtain a medical release from Veronesi's executrix, Karin Ouellette.  As a result, AHL did not have Veronesi's complete medical records until sometime after December 10, 2002.

By letters to Ms. Ouellette and to Parziale dated March 7, 2003, AHL denied Parziale's claim and rescinded the Policy, having determined that Veronesi had incorrectly responded to several questions on the Policy application.  Specifically, AHL stated that because Veronesi had failed to disclose her July 12, 2001 visit to Dr. Rothchild, and because she falsely stated that she had not "been examined or treated at a hospital or other medical facility (within the last five years)," she had made a material misrepresentation on the Policy application with regard to her

---

[2] "Large cell carcinoma" is a malignant tumor in the lung consisting of undifferentiated cells of large size which tend to infiltrate the surrounding tissues and metastasize.

medical history.  AHL further stated that had Veronesi correctly informed AHL of her medical history, that AHL would not have issued the Policy.

On March 30, 2004, Parziale commenced this action by filing a Complaint asserting claims sounding in breach of insurance contract, negligent infliction of emotional distress and unfair settlement practices under c. 93A.  In Counts III and IV, Parziale alleges that AHL is liable under c. 93A because AHL has not made "a reasonable offer of settlement."  (See Amended Complaint, ¶¶ 21, 24.)  Parziale has conceded in discovery that the sole basis he alleges in support of his c. 93A claim is that AHL denied any liability to him and declined to make an offer of settlement.

**I.     DISCUSSION**

Although Parziale makes no mention of M.G.L. c. 176D in his Amended Complaint, Parziale appears to assert a claim pursuant to c. 176D, § 3(9)(f) (failure to "effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear") or c. 176D, § 3(9)(d) ("[r]efusing to pay claims without conducting a reasonable investigation based upon all available information").  A violation of either sub-section of c. 176D is deemed to constitute an "unfair or deceptive act or practice" in the business of insurance within the meaning of c. 93A.  See, e.g., Van Dyke v. St. Paul Fire and Marine Ins. Co., 388 Mass. 671, 676 (1983) (construing c. 93A claim alleging unfair settlement practices as asserting claim under M.G.L. c. 176D, § 3(9)(d) and (f) where plaintiff made no specific arguments under c. 176D).  As described below, Parziale has alleged no facts to support his claim that AHL violated any aspect of M.G.L. c. 93A or 176D.

### A. Parziale has failed to prove his c. 93A claim because liability under the Policy is not reasonably clear.

Parziale cannot adduce any evidence to demonstrate that liability under the Policy was ever reasonably clear. See M.G.L. c. 176D, § 3(9)(f). "Whether the insurer's liability is 'reasonably clear' calls for an objective inquiry into the facts and the applicable law." Behn v. Legion Ins. Co., 173 F. Supp. 2d 105, 113 (D. Mass. 2001) (citations omitted). "The test is not whether a reasonable insurer might have settled the case within the policy limits, but rather whether no reasonable insurer would have failed to settle the case within the policy limits." Id.

Indeed, even if Parziale is correct that the Policy provides for coverage of his claim (which, of course, AHL contests), it is well-settled that denying liability based upon a "plausible, although ultimately incorrect, interpretation" of an insurance policy is not a violation of c. 93A or c. 176D.[3] See Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co., 406 Mass. 7, 15 (1989) (holding that there is nothing "immoral, unethical or oppressive" in denying claim based on plausible interpretation of policy); see also RLI Ins. Co. v. Wood Recycling, Inc., 2006 U.S. Dist. LEXIS 30596 *16 (D. Mass. Mar. 30, 2006)[4] ("Although I ultimately disagreed, RLI's interpretation [of the policy] was not so outlandish as to be implausible. It therefore fell 'outside the scope of the punitive aspects' of c. 93A."); Behn, at 113 ("So long as the insurer acts in good faith, the insurer is not held to standards of omniscience or perfection."); Spurlin, at 62 (denial of claim based on a plausible interpretation of the policy is made in good faith and does not support c. 93A violation); Eigerman v. Mt. Airy Ins. Co., 1996 U.S. Dist. LEXIS 14942 *30 (D. Mass.

---

[3] Similarly, "[w]here an insurer's denial of coverage is correct there can be no violation of Mass. Gen. L. ch. 93A or ch. 176D." Spurlin v. Merchants Insurance Co. of New Hampshire, 866 F. Supp. 57, 62 (D. Mass. 1994) (citations omitted).

[4] For the convenience of the Court, copies of cited opinions available through LexisNexis are attached hereto.

Aug. 30, 1996) (court must evaluate insurer's conduct from the "perspective of the reasonable insurer" in determining whether there is a c. 93A violation).

Here, the record is devoid of any facts to suggest that AHL's liability with respect to Parziale's claim was ever "reasonably clear." See RLI Ins. Co., 2006 U.S. Dist. LEXIS 30596 at * 14-15 (holding that even though court rejected insurer's interpretation of the policy as "absurd" and "unpersuasive," no liability under c. 93A where "neither of the parties' positions were free from doubt.") Indeed, the sole basis that Parziale alleges in support of his c. 93A claim is that AHL declined to pay his claim or make an offer of settlement. (Parziale Ans. Int. No. 5, Ex. 29.) As the Supreme Judicial Court of Massachusetts made clear in Boston Symphony Orchestra, a mere refusal to make an offer of settlement where liability is not reasonably clear does not support a claim for unfair settlement practices under c. 93A. See 406 Mass. at 15.

Under Massachusetts law, an insurer is not required to pay a claim upon a life insurance policy where the insured has made statements on the application concerning her age, physical condition or family history that were willfully false, fraudulent, or misleading. See M.G.L. c. 175, § 124. Veronesi represented on her application for the Policy, among other things, that she had not "been examined or treated at a hospital or other medical facility (within last 5 years) … ." A comprehensive review of Veronesi's medical records revealed that Veronesi had sought medical attention at the Lahey Clinic in Burlington, Massachusetts several times for a variety of ailments during December 2000, June 2001, and July 2001 at the office of Dr. Joseph Rothchild. Based on this information, AHL reasonably concluded that Veronesi's representations regarding her medical history were false and misleading and declined to pay Parziale's claim.

That there are several disputed issues of fact with respect to Veronesi's statements on the Policy application that the jury must decide is further evidence that AHL's liability for Parziale's claim is not "reasonably clear." Moreover, given that it is well-settled under Massachusetts law that the issue of whether an insured intended to deceive an insurer within the meaning of M.G.L. c. 175, § 124 generally presents issues of fact for a jury to decide, AHL's denial of liability was entirely reasonable. See Robinson v. Prudential Ins. Co. of America, 56 Mass. App. Ct. 244, 251 (2002). Accordingly, there can be no violation of M.G.L. c. 176D, § 3(9)(f) as a matter of law.

### B.  Parziale cannot prove his c. 93A claim because there is no evidence to suggest that AHL did not conduct a reasonable investigation.

Parziale also cannot prevail on his c. 93A claim because he cannot provide any evidence that demonstrates that AHL's investigation of Parziale's claim was flawed in any way. All that M.G.L. c. 176D § 3(9)(d) requires is that the insurer "conduct[ ] a reasonable investigation based upon all available information."[5] See Van Dyke, 388 Mass. 671 at 676; M.G.L. c. 176D, § 3(9)(d). "No doubt every claim investigation could be more thorough, but claims adjusters cannot be required to follow every lead." RLI Ins. Co., 2006 U.S. Dist. LEXIS 30596 at *17, citing Thomas v. Metropolitan Life Ins. Co., 40 F.3d 505, 511-12 (1st Cir. 1994).

Here, the record contains extensive evidence of the thoroughness of AHL's investigation. AHL gathered Veronesi's medical records from a number of Veronesi's medical providers. AHL sought information from Veronesi's employer, from Veronesi's executrix, and from the agent who sold the Policy. There is simply no evidence to support a finding that AHL's investigation was inadequate. It is undisputed that AHL had frequent contact with Parziale

---

[5] Indeed, because Parziale cannot prove that liability was "reasonably clear," the Court need not consider whether AHL's conduct violated any other subsections of M.G.L. c. 176D, § 3(9). See Behn, 173 F. Supp. 2d at 117, citing Van Dyke, at 677-78 ("Since liability was never reasonably clear, this Court need not make findings as to whether [defendant] violated specific subsections of M.G.L. c. 176D, § 3(9).").

during its investigation. AHL kept Parziale apprised of the status of his claim, requested information, and responded to Parziale's inquiries. See id. ("extensive correspondence" with insured demonstrated thoroughness of investigation). Moreover, AHL carefully and deliberately managed its investigation of Parziale's claim, delaying a final decision on denial until it was certain that it had reviewed all of the relevant documents. Therefore, the facts amply demonstrate that AHL conducted a reasonable investigation based upon all available information, and, accordingly, there can be no violation of M.G.L. c. 176D, § 3(9)(f) as a matter of law.

## CONCLUSION

For the foregoing reasons, AHL respectfully requests that this Court enter judgment in favor of AHL on Parziale's M.G.L. c. 93A claim.

>
> Respectfully submitted,
>
> AMERICAN HERITAGE LIFE INSURANCE COMPANY,
>
> By its attorneys,
>
> /s/ Hobart F. Popick
> Jonathan I. Handler (BBO # 561475)
> Hobart F. Popick (BBO # 658763)
> DAY, BERRY & HOWARD LLP
> One International Place
> Boston, Massachusetts 02110
> (617) 345-4600

Dated: August 8, 2006

## CERTIFICATE OF SERVICE

      I, Hobart F. Popick, hereby certify that on the 8th day of August, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to: Patricia Michaels, Esq., 10 Tremont St., 4th Floor, Boston, Massachusetts 02108.

                                          /s/ Hobart F. Popick
                                          Hobart F. Popick