## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM PARZIALE, )  ) *Plaintiff,* )  ) v. )  ) AMERICAN HERITAGE LIFE INSURANCE ) COMPANY, A WHOLLY OWNED ) SUBSIDIARY OF THE ALLSTATE ) CORPORATION, )  ) *Defendant.* )  ) | Civil Action No. 04-11377-RBC |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Court's May 9, 2006 Order, the Defendant, American Heritage Life Insurance Company ("AHL"), respectfully submits the following proposed jury instructions.  AHL reserves the right to modify, amend or supplement these requests depending on developments and the evidence adduced at trial.

        Respectfully submitted,

        AMERICAN HERITAGE LIFE INSURANCE
        COMPANY,

        By its attorneys,

        /s/ Hobart F. Popick
        Jonathan I. Handler (BBO # 561475)
        Hobart F. Popick (BBO # 658763)
        DAY, BERRY & HOWARD LLP
        One International Place
        Boston, Massachusetts 02110

Dated:  August 9, 2006        (617) 345-4600

**GENERAL INTRODUCTION – PROVINCE OF THE COURT AND JURY**

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you are of course to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion is. It is not my function to determine the facts, but rather, yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, bias, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Greaney, Tuoni, Moriarty and Robertson, <u>Massachusetts Jury Instructions – Civil</u>, § 1.14(a) and (b) (1999).

**EVIDENCE IN THE CASE – STIPULATIONS – JUDICIAL NOTICE – INFERENCES PERMITTED**

Statements and arguments of counsel are not evidence in this case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed. Your job as a jury is to weigh this evidence and accord it the weight you deem appropriate by your collective experience and knowledge.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Greaney, Tuoni, Moriarty and Robertson, Massachusetts Jury Instructions – Civil, § 1.14 (b), § 20.2 and § 20.7 (1999).

**PREPONDERANCE OF THE EVIDENCE**

The burden is on the Plaintiff, William Parziale ("Parziale"), to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of any of Parziale's claim by a preponderance of the evidence in the case, the jury should find for the Defendant, AHL.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Greaney, Tuoni, Moriarty and Robertson, Massachusetts Jury Instructions – Civil, § 1.14(d) (1999).

**EVIDENCE:  DIRECT AND CIRCUMSTANTIAL**

There are two types of evidence that you may use to determine the facts of a case: direct evidence and circumstantial evidence.  You have direct evidence where a witness testifies directly about the fact that is to be proved, based on what he or she claims to have seen or heard or felt with his or her own senses, and the only question is whether you believe the witness.  You have circumstantial evidence where no witness can testify directly about the fact that is to be proved, but you are presented with evidence of other facts and then asked to draw reasonable inferences from them about the fact that is to be proved.

Let me give you an example.  Your daughter might tell you one morning that she sees the mail carrier at your mailbox.  That is *direct* evidence that the mail carrier has been to your house.  On the other hand, she might tell you only that she sees mail in the mailbox.  That is *circumstantial* evidence that the mail carrier has been there; no one has seen him, but you can reasonably infer that he has been there because there is mail in the box.

Greaney, Tuoni, Moriarty and Robertson, <u>Massachusetts Jury Instructions – Civil</u>, § 20.1 (1999).
Brady, Butler, and Mirick, <u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, § 1.8.2 (MCLE 1997).

**INFERENCES DEFINED**

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Greaney, Tuoni, Moriarty and Robertson, Massachusetts Jury Instructions – Civil, § 1.14(e) and § 20.1 (1999).

**CREDIBILITY**

It will be your duty to decide any disputed questions of fact. You will have to determine which witnesses to believe, and how much weight to give their testimony. You should give the testimony of each witness whatever degree of belief and importance that you judge it is fairly entitled to receive. You are the sole judges of the credibility of the witnesses, and if there any conflicts in the testimony, it is your function to resolve those conflicts and to determine where the truth lies.

You may believe everything a witness says, or only part of it or none of it. If you do not believe a witness' testimony that something happened, of course your disbelief is not evidence that it did not happen. When you disbelieve a witness, it just means that you have to look elsewhere for credible evidence about that issue.

In deciding whether to believe a witness and how much importance to give a witness' testimony, you must look at all the evidence, drawing on your own common sense and experience of life. Often it may not be what a witness says, but how he or she says it that might give you a clue whether or not to accept his or her version of an event as believable. You may consider a witness' character, his or her appearance and demeanor on the witness stand, his or her frankness or lack of frankness in testifying, whether his or her testimony is reasonable or unreasonable, probable or improbable. You may also take into account how good an opportunity he or she had to observe the facts about which he or she testifies, the degree of intelligence he or she shows, whether his or her memory seems accurate.

Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case. Inconsistencies or

discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit a witness's testimony.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant matter, and whether the discrepancy or inconsistency results from an innocent error or an intentional falsehood.

After making your own judgment, you will accord the testimony of each witness such weight, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part.

Greaney, Tuoni, Moriarty and Robertson, <u>Massachusetts Jury Instructions – Civil</u>, § 20.8 (1999). Brady, Butler, and Mirick, <u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, § 1.9.1 (MCLE 2001).

**CORPORATE DEFENDANT**

In this case, the Defendant, AHL is a corporation. This fact must not influence your decision in this case. In the eyes of the law, a corporation is a person and is entitled to the same fair trial at your hands as an individual. Consideration of the size of the parties or their financial position does not have a place in this trial. This case is not to be decided on the basis of relative size or wealth. All parties stand equal under the law and are to be dealt with as equals in a Court of justice.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 103.12 (2000).

**BREACH OF LIFE INSURANCE CONTRACT**

In this case, Parziale seeks to recover from AHL under a life insurance policy issued by AHL insuring the life of Parziale's fiancée, Ms. Maryann Veronesi. AHL does not dispute that Ms. Veronesi died, that the Policy was in effect at the time of her death, and that Parziale was named as a beneficiary of that Policy. AHL disputes its liability under the Policy due to certain statements Ms. Veronesi made on the Policy application. Therefore, in order to decide whether Parziale is entitled to recover a benefit under the Policy, you must decide whether AHL has proven its defense that Ms. Veronesi made statements on the Policy application concerning her age, physical condition or family history that were willfully false, fraudulent, or misleading. You may find that Ms. Veronesi's statements on the Policy application were "willfully false, fraudulent, or misleading" if you find she made them with intent to deceive AHL. You may consider the circumstances in which Ms. Veronesi made the statements in deciding whether she had intent to deceive AHL.

Ms. Veronesi made the following statements to AHL on her application for the Policy:

Question No. 14, Part 2 (a) on the Policy application inquired: "[h]as any person to be insured been examined or treated at a hospital or other medical facility (within last 5 years) or are they currently under the care of a doctor?" Ms. Veronesi responded "no."

Question No. 14, Part 2 (b) on the Policy application inquired: "[h]as any person to be insured … been advised to have or contemplate having any diagnostic test, treatment or surgery?" Again, Ms. Veronesi answered "no."

If you find that Ms. Veronesi intended to deceive AHL by making either of these statements, you must find for AHL, American Heritage Life Insurance Company.

M.G.L. c. 175, § 124  
<u>Carroll v. Metropolitan Life Ins. Co.</u>, 258 Mass. 249 (1927)  
<u>Robinson v. Prudential Ins. Co. of Am.</u>, 56 Mass. App. Ct. 244 (2002)  
<u>Doulames v. Prudential Ins. Co.</u>, 1 Mass. App. Ct. 871 (1974)  
<u>Hardick v. Metropolitan Life Ins. Co.</u>, 1995 U.S. Dist. LEXIS 20776 (D. Mass., Sept. 29, 1995)

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

In order for Parziale to prove his claim for negligent infliction of emotional distress, he must prove:  (1) that he experienced emotional distress (2) resulting in physical harm manifested by objective symptoms (3) as the direct result of (4) negligent acts or omissions by AHL, and (5) that a reasonable person would have also suffered emotional distress under the circumstances.  If you find that Parziale has not proved all of the elements of his claim, or any one of them, you must find for AHL.

In order for Parziale to prove that he experienced "physical harm," Parziale must offer objective evidence of the symptoms of emotional distress that he allegedly suffered.  Parziale may not satisfy his burden merely by alleging that he experienced symptoms of upset, dismay, humiliation, grief, or anger.  In other words, if you find that Parziale has only testified to his claimed emotional distress, without proving objective symptoms by a preponderance of the evidence, you must find for AHL on this claim.

Gutierrez v. Mass. Bay Transp. Auth., 437 Mass. 396, 412 (2002)
Bernard v. Cameron and Colby Co. Inc., 397 Mass. 320 (1986)
Payton v. Abbott Labs, 386 Mass. 540, 555 (1982)

**DAMAGES – GENERALLY**

I will now turn to the issue of damages.  Parziale bears the burden of proof on damages.

If you find that Parziale has established all elements of any claim against AHL by a preponderance of the evidence, then you must determine if Parziale has proven by a preponderance of the evidence that he is entitled to an award of damages.  If so, you must then compute those damages.  The purpose of damages is to make the plaintiff whole for his losses.  It is not the purpose of damages to punish the defendant.

The fact that you are instructed on damages is not to be considered by you to suggest that you must consider damages or that I have an opinion on the outcome of this case.  You may not consider damages unless you have first found AHL liable to Parziale on one or more of his claims in accordance with these instructions.  If you do not find AHL liable, you may not consider damages.  The following instructions are given only in order that these instructions will be complete.

Conway v. Electro Switch Corp., 402 Mass. 385, 388 (1988).
Robie v. Ofgant, 306 F.2d 656, 660 (1st Cir. 1982).
Brady, Butler and Mirick, Massachusetts Superior Court Civil Practice Jury Instructions, § 5.3.1 (MCLE 2001).

**DAMAGES – BREACH OF INSURANCE CONTRACT**

If you find that Parziale is entitled to recover on his breach of insurance contract claim, you may award damages to Parziale sufficient to give him the benefit of his contractual bargain, if such damages are reasonably proved. This means that you may award Parziale those damages that would put him in a position to obtain that which he bargained to obtain under the insurance policy. Any damages that Parziale claims must be computed by rational methods upon a firm factual basis. In addition, Parziale must demonstrate that the damages complained of were the direct result of AHL's conduct. Thus, if you find Parziale has not proven the damages he seeks, or that damages were caused by Parziale or someone other than AHL, then you may not award damages to Parziale.

Polaroid Corp. v. Travelers Indemnity Corp., 414 Mass. 747, 762 (1993).
Productoria E Importadora De Papel v. Fleming, 376 Mass. 826, 837-38 (1978)
Kobayashi v. Orion Ventures, Inc., 42 Mass. App. Ct. 492 (1997)
Weeks v. Calnan, 39 Mass. App. Ct. 933 (1995)
Brady, Butler and Mirick, Massachusetts Superior Court Civil Practice Jury Instructions, § 14.3.1(a) & (b) (MCLE 2001).

**DAMAGES – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Parziale alleges that AHL negligently caused him to experience emotional distress. If you find that AHL is liable to Parziale for negligently causing him to suffer emotional distress, then you may award Parziale money damages necessary to compensate him for Parziale's objective symptoms of emotional distress that were proximately caused by AHL.

You should not award any damages for distress suffered because of other factors in Parziale's life. For example, you should not award any damages for emotional distress if you find that Parziale already suffered from emotional distress because of a pre-existing psychiatric condition.

In assessing whether Parziale is entitled to emotional distress damages, you should not act through bias, passion, or sympathy, but should exercise common sense and fix an amount of damages that, in accordance with the evidence and the law, will fairly compensate Parziale for the injuries suffered. You should remember that damages for emotional distress are not designed to punish the defendant but solely to compensate the plaintiff for any injury proven.

Payton v. Abbott Labs, 386 Mass. 540, 555 (1982)
Simon v. Solomon, 385 Mass. 91, 108-09 (1982)
Franklin Publishing Co. v. MCAD, 25 Mass. App. Ct. 974, 975 (1988)
Contardo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 753 F. Supp. 406, 412 (D. Mass. 1990)
Greaney, Tuoni, Moriarty and Robertson, Massachusetts Jury Instructions – Civil, § 19-13 (1999)

## **CERTIFICATE OF SERVICE**

      I, Hobart F. Popick, hereby certify that on the 9th day of August, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to: Patricia Michaels, Esq., 10 Tremont St., 4th Floor, Boston, Massachusetts 02108.

                                      /s/ Hobart F. Popick  
                                      Hobart F. Popick