## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM PARZIALE,  )<br>  )<br>    *Plaintiff,*  )<br>  )<br>v.  )<br>  )<br>AMERICAN HERITAGE LIFE INSURANCE )<br>COMPANY, A WHOLLY OWNED  )<br>SUBSIDIARY OF THE ALLSTATE  )<br>CORPORATION,  )<br>  )<br>    *Defendant.*  )<br>  ) | Civil Action No. 04-11377-RBC |

### DEFENDANT'S PROPOSED JURY VERDICT FORM

Pursuant to the Court's May 9, 2006 Order, the Defendant, American Heritage Life Insurance Company ("AHL"), respectfully submits the following proposed jury verdict form. AHL reserves the right to modify, amend or supplement this proposed verdict form depending on developments and the evidence adduced at trial.

                            Respectfully submitted,

                            AMERICAN HERITAGE LIFE INSURANCE
                            COMPANY,

                            By its attorneys,

                            /s/ Hobart F. Popick
                            Jonathan I. Handler (BBO # 561475)
                            Hobart F. Popick (BBO # 658763)
                            DAY, BERRY & HOWARD LLP
                            One International Place
                            Boston, Massachusetts 02110
Dated: August 9, 2006              (617) 345-4600

**SPECIAL QUESTIONS TO THE JURY**

**A.    Contract Claims**

1.    Do you find from a preponderance of the evidence that Maryann Veronesi made a willfully false, fraudulent or misleading statement to AHL when she responded "no" to Question No. 14, Part 2(a) on her application for the Policy, which inquired: "[h]as any person to be insured been examined or treated at a hospital or other medical facility (within last 5 years) or are they currently under the care of a doctor?"

    Answer:    Yes _____ No _____

2.    Do you find from a preponderance of the evidence that Maryann Veronesi made a willfully false, fraudulent or misleading statement to AHL when she responded "no" to Question No. 14, Part 2(b) on her application for the Policy, which inquired: "[h]as any person to be insured … been advised to have or contemplate having any diagnostic test, treatment or surgery?"

    Answer:    Yes _____ No _____

3.    If your answer to either question 1 <u>or</u> 2 above is "yes," you must enter a verdict in favor of AHL with respect to William Parziale's breach of insurance contract claims. Please proceed to Question 5.

4.    If your answer to <u>both</u> questions 1 and 2 above is "no," you must enter a verdict in favor of Mr. Parziale with respect to Mr. Parziale's breach of insurance contract claims, and you may award damages to Mr. Parziale sufficient to give him the benefit of his contractual bargain.

    Amount of damages:  $ _____

**B.**     **Emotional Distress Claim**

5.     Do you find from a preponderance of the evidence that Mr. Parziale experienced physical symptoms of emotional distress that have an objective basis and are more than mere upset, dismay, humiliation, grief, or anger?

      Answer:     Yes _____ No _____

6.     If your answer to Question 5 is yes, do you find from a preponderance of the evidence that the emotional distress was the direct result of acts or omissions of AHL?

      Answer:     Yes _____ No _____

7.     If your answer to Question 6 is yes, do you find from a preponderance of the evidence that the acts or omissions of AHL causing any such emotional distress were negligent?

      Answer:     Yes _____ No _____

8.     If your answer to Question 5 is yes, do you find from a preponderance of the evidence that a reasonable person would have also suffered emotional distress under similar circumstances?

      Answer:     Yes _____ No _____

9.     If your answer to any of the Questions numbered 5 through 8 above is "no," you must enter a verdict in favor of AHL with respect to Mr. Parziale's emotional distress claims. Please return your verdict form to the Court.

10.     If your answer to all of the Questions numbered 5 through 8 above is "yes," you must enter a verdict in favor of Mr. Parziale with respect to his emotional distress claims, and you may award an amount of money damages necessary to compensate Mr. Parziale for his objective symptoms of emotional distress that were caused by AHL.

      Amount of damages for emotional distress:  $ _____

**CERTIFICATE OF SERVICE**

      I, Hobart F. Popick, hereby certify that on the 9th day of August, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to: Patricia Michaels, Esq., 10 Tremont St., 4th Floor, Boston, Massachusetts 02108.

                                        /s/ Hobart F. Popick
                                        Hobart F. Popick