UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVILL ACTION NO.: 04-11377-RBC

WILLIAM PARZIALE, )
)
Plaintiff, )
vs. )
)
)
AMERICAN HERITAGE LIFE )
INSURANCE COMPANY, A )
WHOLLY OWNED SUBSIDIARY )
OF THE ALLSTATE CORPORATION. )
)
Defendant. )

PLAINTIFF'S REQUESTS FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51(b), plaintiff, William Parziale, requests that the Court give the following instructions to the jury. The plaintiff will submit any appropriate amendments to supplement the requested instructions at or before the close of evidence.

1. In any claim arising under a policy issued in the commonwealth by any life company, without a previous medical examination the statements made in the application as to the age, physical condition and family history of the insured shall be held to be valid and binding on the company.

   M.G.L. c. 175, Section 124

2. Any ambiguity in insurance application questions applied to particular facts is to be construed against the insurer.

   *Shaw v. Commercial Insurance Company,*
   270 N.E. 2d 817, 359 Mass. 601 (1971).

3. Question 14, titled "Non-Medical Questionnaire" asks applicant to exclude history of colds, flu, minor injuries, normal childbirth, seasonal hay fever, appendicitis or tonsillitis. It is an ambiguous question and the ambiguity of this question should be construed against the insured as to the plaintiff's interpretation of the question and the truth of her statements in response thereto.

*Shaw v. Commercial Insurance Company*,
270 N.E. 2d 817, 359 Mass. 601 (1971).

4. The insurer must prove that the statements on the application were wilfully false, fraudulent or misleading.

   M.G.L. c. 175, Section 124

5. Imposing a higher burden of proof on a life insurer when it contests a policy issued without a medical examination than when it contests a policy issued after a medical examination is the purpose of statute which makes statements in the application for a policy issued without previous medical examination binding on the insurer, but allows a defense that the statements were willfully false, fraudulent, or misleading.

   M. G. L. c. 175, § 124

6. An incorrect statement in an application for life insurance does not necessarily indicate actual intent to deceive for purposes of statute which makes statements in the application for a policy issued without previous medical examination binding on the life insurer, but allows a defense that the statements were wilfully false, fraudulent, or misleading.

   M. G. L. c. 175, §124

7. As seen from its legislative history, the purpose of § 124 is to impose a higher burden of proof upon an insurer when it contests a life insurance policy issued without a medical examination than when it contests a life insurance policy issued after a medical examination.

   *Protective Life Ins. Co. v. Sullivan*
   425 Mass. at 623, 682 N.E. 2d 624

8. M .G.L. c. 175, § 124 places the burden on the insurance company, where it processes a life insurance policy application without requiring a medical examination, to determine before issuance of the policy whether the application is factually accurate.

9. If a policy is issued without a medical examination, the insurer must prove that the "statements were wilfully false, fraudulent or misleading."

   M.G.L. c. 175, Section 124.

10. A life insurer is bound by the knowledge received by is agent who had at least had apparent authority to receive statements about the insured's health.

*Robinson v. Prudential Insurance Company of America,*
56 Mass. App. Ct. 244, 776 N.E. 2d 458 (2002)

11. Presumptions and assumptions are merely speculative and are not evidence of fact and you may not consider them.

PLAINTIFF RESERVES THE RIGHT TO FILE SUPPLEMENTAL REQUESTS FOR INSTRUCTIONS.

                WILLIAM PARZIALE,
                By his attorney,

                /s/ Patricia Michaels, Esq.
                Patricia Michaels
                LAW OFFICE OF PATRICIA MICHAELS
                10 Tremont Street, 4th Floor
                Boston, MA 02108
                (617) 227-1550
                BBO # 642945

Date: August 9, 2006

CERTIFICATE OF SERVICE

A copy of this motion and all attachments was served on all parties entitled to such notice in accordance with Rules 7004, 7005 via electronic notification on August 19, 2006.

                /s/ Patricia Michaels
                Patricia Michaels, BBO#642945)

Dated: August 9, 2006