UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVILL ACTION NO.: 04-11377-RBC

WILLIAM PARZIALE, )
)
    Plaintiff, )
vs. )
)
)
AMERICAN HERITAGE LIFE )
INSURANCE COMPANY, A )
WHOLLY OWNED SUBSIDIARY )
OF THE ALLSTATE CORPORATION. )
)
    Defendant. )

PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF
JOHN JOHNSON

    Plaintiff, William Parziale, moves in limine to preclude defendant from presenting any testimony by John Johnson.

    As grounds therefor, plaintiff states:

1.     On August 9, 2006 a final pre-trial conference was held before the Judge Hillman.

2.     Counsel for defendant stated that John Johnson (Johnson) an underwriter employed by American Heritage Life Insurance Company (AHL) was going to appear and testify as to the underwriting procedures employed by the defendant and what actions the defendant would have taken if Maryann Veronesi (Veronesi) had provided AHL with certain information concerning prior visits to her primary care physician and/or health care facilities.

3.     The very narrow issue in this case is not what AHL would have done differently if Veronesi had revealed that she was seen by either her primary care physician or in the emergency room at Lahey Clinic prior to completing the application. Rather, the defendant has the burden of proof to show that the statements made by Veronesi on the application for the life

insurance policy were wilfully false, fraudulent or misleading. Whether AHL's underwriting department would have acted differently is not relevant to the issue in this case.

4. On August 10, 2006, plaintiff's counsel discussed Johnson's proposed testimony with defense counsel. Counsel could not agree as to the relevance of Johnson's testimony.

5. Fed. R. Civ. P. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable that it would be without the evidence." Johnson was named as fact witness yet he was not involved in making any underwriting decision concerning the policy issued to Veronesi. He has no first hand knowledge of the "facts" and therefore his testimony should be precluded.

6. Even if this court were to deem Johnson's testimony regarding the underwriting process relevant, any testimony as to what AHL would have done differently if it had been given all the "facts" should be excluded because it would only confuse the issue. Fed. R. Civ. P. Rule 403 provides in part, "{a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of . . . confusion of the issues . . . ." If Johnson were to proffer testimony that AHL would not have issued the policy to Veronesi if it had known that she had seen her doctor prior to completing the application, the jury might become confused as to the burden of proof, i.e. that AHL must prove that the statements made by Veronesi were wilfully false, fraudulent or misleading.

7. Any testimony proffered by Johnson is irrelevant because it does not speak to what Veronesi knew. Indeed, if AHL proves that Veronesi willfully misrepresented facts on the application for the life insurance policy, Johnson's testimony is unnecessary because the issue can easily be resolved by the proposed jury verdict form.

WHEREFORE, for all of the above reasons, it is respectfully requested that John Johnson be precluded from offering testimony as to AHL's usual and customary underwriting procedures.

        WILLIAM PARZIALE,
        By his attorney,

        /s/ Patricia Michaels
        **Patricia MICHAELS** (BBO#642945)
        LAW OFFICE OF PATRICIA MICHAELS
        10 Tremont Street 4th Floor
        Boston, MA 02108
        (617) 227-1550

Dated: August 15, 2006

## CERTIFICATE OF SERVICE

A copy of this motion and all attachments was served on all parties entitled to such notice in accordance with Rules 7004, 7005 via electronic notification on August 15, 2006.

        /s/ Patricia Michaels
        Patricia Michaels, BBO#642945)

Dated: August 15, 2006