**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| WILLIAM PARZIALE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Civil Action No. 04-11377-RBC |
| | ) | |
| AMERICAN HERITAGE LIFE INSURANCE | ) | |
| COMPANY, A WHOLLY OWNED | ) | |
| SUBSIDIARY OF THE ALLSTATE | ) | |
| CORPORATION, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
TO PRECLUDE TESTIMONY OF JOHN JOHNSON**

Pursuant to Local Rule 7.1 and the Court's August 16, 2006 Order, Defendant American

Heritage Life Insurance Company ("AHL") hereby submits its Opposition (the "Opposition") to

Plaintiff William Parziale ("Parziale")'s *Motion in Limine to Preclude Testimony of John*

*Johnson* ("Parziale's Motion" or the "Motion").  For the reasons stated below, the Court should

deny Parziale's Motion.

**INTRODUCTION AND BACKGROUND**

On August 15, 2006, Parziale filed a motion *in limine* to preclude proposed AHL witness

John Johnson ("Johnson") from testifying at trial.  Johnson is Director of Underwriting at AHL,

and has been employed by AHL in a variety of underwriting capacities for over 25 years.  AHL

plans to call Johnson to testify at trial as to AHL's underwriting and policy rescission

procedures.  These issues bear directly on the claims in this action, given that Parziale alleges

that AHL wrongfully denied him benefits under a policy it issued – and later rescinded – on the

life of Parziale's late fiancée, Maryann Veronesi (the "Policy").

During the parties' preparation of the Joint Pre-Trial Memorandum, counsel for Parziale inquired of counsel for AHL as to the rationale for calling Johnson to testify at trial. Counsel for AHL stated that Johnson would testify that had Ms. Veronesi correctly informed AHL of her medical history, that AHL would not have issued the Policy. However, in the spirit of streamlining the issues for trial, counsel for AHL suggested that Johnson's testimony may be unnecessary if counsel could agree to a stipulation to this effect. Counsel for Parziale refused to agree to such a stipulation and, accordingly, counsel for AHL listed Johnson as a proposed witness on the Joint Pre-Trial Memorandum. In anticipation of calling Johnson as a witness, AHL has expended considerable time and resources preparing Johnson to testify.

As described below, the Court should deny Parziale's Motion not only because it is untimely, but because Johnson's testimony goes directly to the issues to be decided in this case, namely, whether AHL properly denied benefits to Parziale under the Policy, having determined that Ms. Veronesi made willfully false, fraudulent or misleading statements on the Policy application, and whether such denial constituted an unfair or deceptive act or practice within the meaning of c. 93A.

## ARGUMENT

### I.    PARZIALE'S MOTION IS UNTIMELY.

The Court's May 9, 2006 Order for Pre-Trial Conference and for Trial (the "May 9 Order") provides that all pre-trial motions, including motions *in limine,* shall be filed and served no later than July 19, 2006. Parziale's filing of the instant Motion on August 15, 2006, nearly a month after the deadline for pre-trial motions, and a day after trial was scheduled to commence in this action, is a direct violation of the May 9 Order. "[L]itigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded

without peril." Morrissey v. Webster Bank, N.A., 417 F. Supp. 2d 183, 186 (D. Mass. 2006),

quoting O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 155 (1st Cir. 2004).

Parziale's Motion falls squarely within the scope of the July 19 deadline, and therefore

any effort to submit additional motions *in limine* outside of this time frame is improper.

Moreover, Parziale cannot now complain that he did not know what the substance of Johnson's

testimony would be until the August 9, 2006 conference before Judge Hillman.  As described

above, in connection with drafting the Joint Pre-Trial Memorandum, counsel for AHL

specifically requested that counsel for Parziale stipulate that AHL would not have issued the

Policy had Ms. Veronesi correctly represented her medical history on the Policy application, and

counsel for Parziale refused.  Thus, Parziale was fully aware of AHL's intention to call Johnson

to testify as to these subjects well in advance of the July 19 deadline for filing motions *in limine*.

In short, Parziale may not preclude Johnson from testifying at trial simply because Parziale has

now decided that Johnson would present testimony that would be unfavorable to him.

## II.    JOHNSON'S TESTIMONY IS DIRECTLY RELEVANT TO THE ISSUES TO BE DECIDED BY THE JURY.

Parziale contends that the only issue in dispute is whether Ms. Veronesi intended to

deceive AHL when she misrepresented her health history on her application for the Policy.

Parziale's assertion attempts to artificially define what is at issue in this case in order to make

Johnson's testimony appear to be irrelevant.  To the extent that Parziale has claimed that AHL

wrongfully denied him benefits under the Policy and that such denial constitutes a violation of

c. 93A, Parziale has placed AHL's conduct with respect to three additional issues in dispute:

(1) the basis upon which AHL initially issued the Policy; (2) the steps AHL took in response to

Parziale's claim under the Policy; and (3) the reason AHL made the decision to rescind the

Policy.  As described below, Johnson's testimony is relevant to each of these issues.

**A.    Johnson's testimony is relevant to the basis on which AHL initially issued the Policy[1]**

"Evidence is relevant if it has 'any tendency to make the existence of <u>any fact that is of consequence to the determination of the action</u> more probable or less probable than it would be without the evidence.'" <u>Ferrara & Dimercurio v. St. Paul Mercury Ins. Co.</u>, 240 F.3d 1, 6 (1st Cir. 2001), quoting Fed. R. Evid. 401 (emphasis added). "Under federal evidentiary standards, the relevancy hurdle is low." <u>Fitzgerald v. Expressway Sewerage Construction, Inc.</u>, 177 F.3d 71, 75 (1st Cir. 1999).

As described in Part B below, AHL's decision to rescind the Policy and deny Parziale's claim involved an inquiry into whether the Policy would have been issued in the first instance had Veronesi provided accurate responses to Question 14 Part 2(a) and Question 14 Part 2 (b) on the Policy application.[2] This decision implicates AHL's underwriting policies and procedures – indeed; the decision to rescind the Policy was made by an AHL underwriter. Johnson's proposed testimony will describe how AHL examines the particular risks disclosed in an application from a proposed insured. Johnson will describe what factors AHL evaluates in determining the premium amount, and in particular, what additional medical information AHL requires if certain

---

[1] Johnson's testimony is likewise relevant to the steps AHL took in response to Parziale's claim. Because one of Parziale's claims in this case is that AHL's denial of benefits under the Policy constituted an unfair and deceptive act or practice within the meaning of c. 93A, Johnson's testimony regarding the reasonableness of AHL's decision to rescind the Policy based on information it learned in its investigation is most certainly relevant. Moreover, should Parziale make assertions at trial as to what AHL should or should not have done with respect to deciding to deny his claim, AHL must be permitted to offer testimony from Johnson regarding AHL's underwriting and rescission procedures to rebut any such assertions.

[2] Question 14 Part 2(a) inquired: "[h]as any person to be insured been examined or treated at a hospital or other medical facility (within last 5 years) or are they currently under the care of a doctor?" Veronesi responded "no." Question No. 14, Part 2 (b) on the Policy application inquired: "[h]as any person to be insured … been advised to have or contemplate having any diagnostic test, treatment or surgery?" Again, Veronesi answered "no."

medical history questions on the application are answered "yes" instead of "no."  In other words,

Johnson will testify as to what information is material to AHL in the underwriting process.  This

information is directly relevant to the issues to be decided here, namely, whether AHL would

have issued the Policy to Ms. Veronesi had she correctly represented her medical history on the

Policy application.

**B.      Johnson's testimony is relevant to AHL's decision to rescind the Policy.**

Johnson's testimony is plainly relevant to AHL's decision to rescind the Policy.  It is

undisputed that AHL declined to pay Parziale's claim and rescinded the Policy having first

determined that Ms. Veronesi had incorrectly responded to several questions on the Policy

application.  See Joint Pretrial Memorandum at p. 4, ¶ 24.  Nonetheless, at the outset of this

litigation, counsel for Parziale asserted that these statements were not material.  (See December

1, 2004 letter from P. Michaels to H. Popick, attached hereto as Exhibit A) ("it cannot be said, as

a matter of law, that a misrepresentation that an applicant has not, within five years, consulted or

been treated by a hospital or physician increased the risk of loss.  Quite the contrary might be

true.")  The parties have agreed that M.G.L. c. 175, § 124 is applicable to this action.  Although

M.G.L. c. 175, § 124 contains no express requirement that the insurer prove the alleged

misrepresentation was material, counsel for Parziale has placed the materiality of Ms. Veronesi's

statements in dispute.[3]

Johnson's proposed testimony bears directly on this issue.  Johnson is expected to testify

that in deciding to rescind a policy, AHL determines whether the newly-disclosed information

_____

[3] AHL maintains that it is not required to prove the materiality of Ms. Veronesi's misrepresentations in order to prevail in this action.  Nonetheless, because Parziale has asserted that Ms. Veronesi's misrepresentations had no bearing on AHL's decision to issue or to rescind the Policy, the Court should allow AHL to present witness testimony to refute Parziale's assertions.

increases the risk of loss such that AHL would not have issued the policy in the first instance.

Further, Johnson is expected to testify that had Ms. Veronesi's answers to Question 14 Part 2(a)

and Question 14 Part 2 (b) on the Policy application been "yes" instead of "no," the risk of loss

would have been increased such that AHL would not have issued the Policy.  Accordingly,

Johnson's testimony is relevant to AHL's decision to rescind the Policy and to deny Parziale's

claim.

### III.    JOHNSON HAS PERSONAL KNOWLEDGE OF THE ISSUES TO WHICH HE WILL TESTIFY.

Parziale asserts that Johnson lacks personal knowledge of the facts about which he will

be testifying.  Parziale's contention is incorrect.  Rule 602 of the Federal Rules of Evidence

provides, in pertinent part:  "A witness may not testify to a matter unless evidence is introduced

sufficient to support a finding that the witness has personal knowledge of the matter.  Evidence

to prove personal knowledge may, but need not, consist of the witness' own testimony."  Fed. R.

Evid. 602.  "Personal knowledge" within the meaning of Rule 602 "can include inferences and

opinions, so long as they are grounded in personal observations and experience."  Sheek v. Asia

Badger, Inc., 235 F.3d 687, 695 (1st Cir. 2000).

Johnson, as Director of Underwriting at AHL, is uniquely qualified to testify as to AHL's

procedures with respect to rescission of its policies.  Further, Johnson's many years of

experience as an underwriter have given him extensive knowledge as to AHL's procedures for

evaluating the risks presented by a particular proposed insured, as well as substantial expertise

regarding AHL's rescission practices.  Thus, Johnson's proposed testimony is "based on the

requisite personal knowledge under Fed. R. Evid. 602 [and 702], because it [is] based on

particularized knowledge that the witness had by virtue of his position" at AHL.  See United

States v. Ayala-Pizarro, 408 F.3d 25, 28 (1st Cir. 2005) (citations and internal punctuation

omitted) (police officer had requisite personal knowledge to testify as to what criminal activities occurred at "drug points" because officer had investigated, patrolled, or made arrests at other drug points on more than 100 occasions). See also Sheek, at 695 (witness' 28 years of experience as an engineer and project manager with the company qualified him to testify as to which sub-contractor was responsible for a particular design defect in the project in question).

Moreover, based on Johnson's extensive knowledge of AHL's underwriting criteria and procedures, Johnson is qualified to testify as to whether AHL would have issued the Policy had Ms. Veronesi correctly represented her medical history on her Policy application. See Kansas City Power & Light Co. v. Ford Motor Credit Co., 995 F.2d 1422 (8th Cir. 1993) (holding that employee with over 30 years of experience with the company was qualified to testify as to the company's likely reaction to a particular situation). Accordingly, Johnson's testimony is relevant and the Court should deny Parziale's Motion.[4]

### CONCLUSION

WHEREFORE, for the foregoing reasons, the Defendant American Heritage Life Insurance Company respectfully requests that this Court deny Parziale's Motion.

---

[4] Parziale argues that even if the Court finds Johnson's testimony to be relevant, that the Court should nonetheless exclude it under Fed. R. Evid. 403. Under Rule 403, evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403 (emphasis added). Nonetheless, "[t]he fact that a piece of evidence hurts a party's chances does not mean that it should automatically be excluded. If that were true, there would be precious little left in the way of probative evidence in any case. The question is one of "unfair" prejudice – not of prejudice alone." Ferrara & Dimercurio, 240 F.3d at 7, quoting Onujiougu v. U.S., 817 F.2d 3, 6 (1st Cir. 1987). Because Parziale has failed to demonstrate that Johnson's proposed testimony presents any danger of unfair prejudice to him, the Court should deny Parziale's Motion.

Respectfully submitted,

AMERICAN HERITAGE LIFE INSURANCE
COMPANY,

By its attorneys,


/s/ Hobart F. Popick
Jonathan I. Handler (BBO # 561475)
Hobart F. Popick (BBO # 658763)
DAY, BERRY & HOWARD LLP
One International Place
Boston, Massachusetts 02110
Dated:  September 14, 2006            (617) 345-4600



## CERTIFICATE OF SERVICE

I, Hobart F. Popick, hereby certify that on the 14th day of September, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to:  Patricia Michaels, Esq., 10 Tremont St., 4th Floor, Boston, Massachusetts 02108.


/s/ Hobart F. Popick
Hobart F. Popick