# United States District Court
# District of Massachusetts

WILLIAM PARZIALE,
    Plaintiff,

v.                                     CIVIL ACTION NO. 2004-11377-RBC

AMERICAN HERITAGE LIFE
    INSURANCE COMPANY,
        Defendant.

## *JURY INSTRUCTIONS*
## *ON SPECIFIC CLAIMS AND DEFENSES*

I begin my instructions on the specific claims which have been brought in this case. And you have the jury verdict form, which contains two questions. You may take the written instructions and the jury verdict form to the jury room with you as you deliberate.

The question you must decide is whether the defendant has proven by a preponderance of the evidence that the insured, Maryann Veronesi, made wilfully false, fraudulent or misleading statements on the application for life insurance, which is Exhibit #14. The statements which the defendant claims are false, fraudulent or misleading are contained on the second page in Section

14 of the application where she was asked the following questions:

*14. NON-MEDICAL QUESTIONNAIRE (Exclude history of: colds, flu, minor injuries, normal childbirth, seasonal hay fever, appendicitis or tonsilitis)*

* * *

*Part 2: Has any person to be insured:*

*(a)   been examined or treated at a hospital or other medical facility (within last 5 years) or are they currently under the care of a doctor?*

*(b)   been advised to have or contemplate having any diagnostic test, treatment or surgery?*

It is undisputed that answer to each of these questions on the application is "no." The question is whether one or both of those answers is/are wilfully false, fraudulent or misleading.

It is undisputed that Ms. Veronesi's application was for the issuance of a life insurance policy without a medical examination. In Massachusetts, a statute provides that:

> In any claim arising under a policy issued in the commonwealth by any life [insurance] company, without previous medical examination..., the statements made in the application as to the age, physical condition and family history of the insured shall be held to be valid and binding on the company; but the company shall not be debarred from proving as a defense to such claim that said statements were wilfully false, fraudulent or misleading.

So this is the law you must apply. The statements in the application are valid

and binding on American Heritage Life Insurance Company ("the company") and the beneficiary of the policy, Mr. Parziale, is entitled to the amount of the policy upon Ms. Veronesi's death unless the company proves to you, by a preponderance of the evidence, that the statements on the application were wilfully false, fraudulent or misleading.

What do these terms mean?  First, a "false" statement is one which is incorrect or not true.  "A wilfully false" statement is one which is made with knowledge of its falsity and made with the intention that falsity rather than the truth be communicated.  A short way to put it is that a "wilfully false" statement is a lie.  It is important to draw a distinction between a false statement and a wilfully false statement.  The company does not succeed in carrying its burden of proof merely by proving that one or more of the "no" answers was incorrect or not true.  The company, in order to defeat Mr. Parziale's claim under the policy, must prove that Ms. Veronesi intentionally made a statement which was false - that is that she knew she was making a untrue statement when the statement was made and intended to make an untrue statement.

Second, "fraudulent" means "an act done or effected with a purpose or design to carry out a fraud" and a fraud is described as "an intentional perversion of truth for the purpose of inducing another to take some action

based on it." Again, in order to find one or more of the "no" answers to be fraudulent, the company must prove that Ms. Veronesi, in making those answers, intentionally perverted the truth in order to effectuate the issuance of the policy.

Third, "misleading" means "calculated to lead astray or to give a false impression or with a purpose that the true state of affairs be misunderstood." Thus the company, in order to defeat Mr. Parziale's claim on the basis that the "no" answers were "misleading" must prove by a preponderance of the evidence that Ms. Veronesi, in giving the "no" answers to one or both of the questions, did so with the purpose of concealing the true state of affairs from the company.

Now note that the company, in order to defeat the claim, must only prove that one or more of the statements were "wilfully false, fraudulent *or* misleading." It does not have to prove that one or more of the statements was wilfully false, fraudulent *and* misleading. The statute uses the disjunctive "or" rather than the conjunctive "and."

As is obvious, in deciding whether the company has sustained its burden of proof, you must make some judgments about Ms. Veronesi's state of mind when she answered the two questions. How do you decide what the state of

mind of a person was at a certain point in time? After all, there is no window into a person's head. And you are not to rely on speculation or guesswork in making your decision as to state of mind. Rather, a person's state of mind can be inferred from all of the facts and circumstances existing at the time and place the person acted. In order words, a person's state of mind is most often discerned by using circumstantial evidence, i.e., examining all of the evidence of the situation which existed at the time, and then inferring, or making an inference, from that evidence what the person's state of mind was. For example, consider the particular questions asked and the qualifying language respecting what to "exclude" in making the answer. Scrutinize the all of the evidence respecting what Ms. Veronesi knew or did not know at the time she answered the questions. Consider the evidence as to the interactions she had had with medical providers at the time she answered the questions and what she had or had not been told by them.

 Recall that the company has the burden of proving that Ms. Veronesi's state of mind was to make statements which were wilfully false, fraudulent or misleading. If you are unable to find from the evidence that her state of mind was to make wilfully false, fraudulent or misleading statements, then the company has not met its burden of proof.

5

Now the two questions on the verdict form put the issue as to each of the "no" answers which the company contends were either wilfully false, fraudulent or misleading. You must answer as to each statement whether the company has met its burden of proof. In order to defeat Mr. Parziale's claim, the company need prove that only one of the statements was "wilfully false, fraudulent or misleading" when made.

Put another way, if you answer "no" to both questions, Mr. Parziale will be awarded the face amount of the policy. If you answer either one or both of the questions "yes", Mr. Parziale will not be awarded any proceeds of the policy.