UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM PARZIALE, *Plaintiff*, v. <br><br> AMERICAN HERITAGE LIFE INSURANCE COMPANY, A WHOLLY OWNED SUBSIDIARY OF THE ALLSTATE CORPORATION, <br><br> *Defendant*. | Civil Action No. 04-11377-RBC |

## PLAINTIFF'S MOTION TO QUASH DEFENDANT'S BILL OF COSTS

Now comes the plaintiff, William Parziale, through counsel, and moves to quash the bill of costs submitted by the defendant. As grounds therefor, plaintiff states the costs submitted by the defendant are excessive.

Defendant has submitted a Bill of Costs seeking $4,785.56 – broken down as follows: $191.00 for service of summons and subpoena, $1,032.30 for deposition transcripts of Mr. William Parziale, Robert Ehrlich, Drs. Rothchild and Williamson, $2,457.69 for witness fees and $1,104.57 for exemplification and copies of papers necessary to the case. Plaintiff argues the costs are either excessive or not properly documented.

### EXEMPLIFICATION AND COPY COSTS

Defendant seeks $235.10 for the cost of obtaining medical records. A review of the invoice annexed to defendant's Bill of Costs as Exhibit I indicates that 708 pages of medical records were produced to defendant by Dr. Rothchild. Most of the records produced dealt with Ms. Veronesi's care and treatment after she was diagnosed with lung cancer. The very narrow issue before the court was what was Ms. Veronesi's state of health on or before July 25, 2001. Indeed, a review of the Exhibits presented at trial show that a mere fraction of those records were actually used at trial. Typically, the court will allow reimbursement only for those copies that were introduced at trial by the

defendant. *See* 28 U.S.C. § 1920(4) and Wright, Miller, and Kane, *Federal Practice and Procedure: Civil* 2d §2677 at 360-361.

Defendant submits an invoice for the trial binders at a cost of $12.50 per binder, copies at .21 per page and tabs at .25. The usual and customary charges for photocopying at many local copy centers is .07 per page (Staples and Kinko's). The cost of the same type of binder used by the defendant is available at Staples for $3.00. Defendant should not be awarded reimbursement for this expense at such an exorbitant level.

## WITNESS FEES

Defendant seeks $2,457.69 for witness fees which include a $40 day witness fee plus a GSA subsistence rate of $232 per day for two witnesses for three days. Section 5702 (a), Title 5, U.S. Code provides in part that an employee traveling on official business is entitled to any one of the following: a per diem allowance, reimbursement for actual travel, or a combination of the two.

The witnesses, Ms. Harrison and Mr. Johnson, are employees of the defendant. There is no evidence that the witnesses received the $40 daily attendance fee or any part of the subsistence allowance. Additionally, the witnesses testified for only a portion of one of the trial. The subsistence fee of $696 per witness for three days is excessive.

## COURT REPORTER/DEPOSITION FEES

Defendant seeks reimbursement for deposition and transcript costs for the depositions of the plaintiff, Robert Ehrlich, and Drs. Williamson and Rothchild. Costs shall not be taxed for depositions not used at trial. *Evans v. Fuller*, 94 F.R.D. 311, 313-314. Neither Mr. Parziale's nor Mr. Ehrlich's deposition transcript was introduced into evidence at trial and these costs should not be allowed. Drs. Williamson and Rothchild's trial deposition video was procured and produced by plaintiff at the time of trial. The transcript from their depositions was not used at trial and defendant is not entitled to the cost for same.

## CONCLUSION

For all of the above reasons, and in light of the fact that defendant failed to timely submit its Bill of Costs, plaintiff respectfully requests defendant's Bill of Costs be quashed.

Respectfully submitted,

WILLIAM PARZIALE,<br>
By his attorney,

Dated: January 3, 2007

/s/ Patricia Michaels  
Patricia Michaels, Esq.  
LAW OFFICE OF PATRICIA MICHAELS  
10 Tremont Street, 4th Floor  
Boston, MA 02108  
(617) 227-1550  
BBO # 642945

## CERTIFICATE OF SERVICE

A copy of this motion and all attachments was served on all parties entitled to such notice in accordance with Rules 7004, 7005 via electronic notification on January 3, 2007.

Dated: January 3, 2007

/s/ Patricia Michaels  
Patricia Michaels, BBO#642945)