### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM PARZIALE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Civil Action No. 04-11377-RBC |
| | ) | |
| AMERICAN HERITAGE LIFE INSURANCE | ) | |
| COMPANY, A WHOLLY OWNED | ) | |
| SUBSIDIARY OF THE ALLSTATE | ) | |
| CORPORATION, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

### DEFENDANT'S OPPOSITION
### TO PLAINTIFF'S MOTION TO QUASH DEFENDANT'S BILL OF COSTS

Pursuant to Local Rule 7.1(B)(2), Defendant American Heritage Life Insurance Company ("AHL") hereby submits its Opposition (the "Opposition") to Plaintiff William Parziale ("Parziale")'s Motion to Quash Defendant's Bill of Costs (the "Motion"). AHL is entitled to full recovery of its costs in this action and, therefore, AHL respectfully requests that the Court deny Parziale's Motion in its entirety. In support of its Opposition AHL states as follows:

### I.    PROCEDURAL BACKGROUND

On November 14, 2007, after two days of trial before this Court, the jury rendered a verdict in favor of AHL on Parziale's breach of contract claims in this action. Following the return of the jury's verdict, the Court dismissed Parziale's claim against AHL under M.G.L. c. 93A. On November 16, 2007, the Court entered Judgment in favor of AHL and against Parziale on all his claims in this action. The Judgment provided, among other things that "[t]he defendant <u>shall</u> recover its costs." (<u>See</u> Judgment) (emphasis added) (copy attached hereto as Exhibit 1).

On December 29, 2007, AHL filed its Bill of Costs pursuant to Rule 54(d)(1) of the

Federal Rules of Civil Procedure and 28 U.S.C. § 1920, seeking an award of $4,785.56 in costs

against Parziale.  On January 3, 2007, Parziale filed his Motion, asserting that some or all of

AHL's claimed costs should not be allowed.[1]  For the following reasons, Parziale's Motion is

without merit and should be denied.

## II.    DISCUSSION

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, "costs

other than attorneys' fees <u>shall be allowed as of course</u> to the prevailing party."  Fed. R. Civ. P.

54(d)(1) (emphasis added).  "Accordingly, a court's discretion in denying statutory costs to the

prevailing party is limited.  As a result, there is a strong presumption that a request for costs will

be granted … ."  See <u>A-Cal Copiers v. North Am. Van Lines</u>, 180 F.R.D. 183, 191 (D. Mass.

1998).  Thus, AHL is presumptively entitled to recover its costs in this action, and Parziale bears

the burden of demonstrating that AHL's costs are excessive or otherwise not allowable in order

to overcome that presumption.  See <u>id.</u>  Parziale disputes AHL's claimed costs in each of the

following three categories:  (1) Exemplification and Copy Costs; (2) Witness Fees; and (3) Court

Reporter/Deposition Fees.[2]  Each of these categories will be addressed in turn.

---

[1] There is no basis for Parziale's vague assertion that AHL's Bill of Costs was untimely filed.  Indeed, the Federal Rules of Civil Procedure and the Local Rules of this Court impose no time limit upon filing a bill of costs.  See, e.g., <u>Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.</u>, 854 F.2d 219, 221 (7th Cir. 1988) (Rule 54(d) does not include any specific time limit for filing bill of costs); see also <u>In re Two Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litigation</u>, 994 F.2d 956, 961 (1st Cir. 1993) (no rule specifically limits the time in which a party may make a request for costs).  AHL filed its bill of costs within fifteen days of the expiration of the appeal period in this action, which is consistent with local practice in this Court.  (See Taxation of Costs, p. 1, <u>available at</u> http://www.mad.uscourts.gov/LocPubs/taxation.pdf) (copy attached hereto as <u>Exhibit 2</u>).

[2] Parziale apparently does not contest that AHL is entitled to recover the full amount sought for service of summons and subpoena in the amount of $191.00.

A.    <u>Exemplification and Copy Costs</u>

AHL seeks reimbursement of $1,104.57 for exemplification and copy costs as follows:

(a) $235.10 that AHL paid to the offices of Dr. Joseph Rothchild to obtain the medical records of

the decedent insured, Ms. Maryann Veronesi; and (b) $869.47 that AHL paid to WarRoom

Document Solutions, Inc. ("WarRoom") for copying exhibits and assembling the exhibit binders

distributed at trial to the Court, witnesses, jury, and counsel.

Parziale asserts that AHL should only recover the cost of obtaining those of

Ms. Veronesi's medical records that were actually used at trial.  Parziale is wrong.  "Fees for

exemplification and copies of papers necessarily obtained for use in the case" are recoverable by

the prevailing party.  <u>See</u> 28 U.S.C. § 1920(4).  Documents are "necessarily obtained for use in

the case" if they are either provided to the Court or to opposing counsel, or they are otherwise

reasonably necessary for maintenance of the action.  <u>See</u>, <u>e.g.</u>, <u>Litton Systems, Inc. v. American

Telephone and Telegraph Co.</u>, 613 F. Supp. 824 (S.D.N.Y. 1985) (photocopying costs

recoverable to the extent that the copies are furnished to the court or to opposing counsel);

<u>Rodriguez-Garcia v. Davila</u>, 904 F.2d 90, 100 (1st Cir. 1990) (costs of reproducing documents in

preparation for trial were recoverable because they were "reasonably necessary for maintenance

of the action").

Here, Ms. Veronesi's medical records were "necessarily obtained for use in the case"

because AHL needed these records in order to gain a comprehensive understanding of

Ms. Veronesi's medical history both prior to and following her application for the life insurance

policy in issue.  As Parziale himself acknowledges, the central issue for the jury to decide in this

case concerned Ms. Veronesi's medical condition and symptoms in relation to her application for

the policy in issue.  However, contrary to Parziale's assertion, having <u>all</u> of the information

regarding Ms. Veronesi's medical history was <u>essential</u> not only to AHL's decision to deny

Parziale's claim under the policy, but it was also essential to formulating AHL's strategy for

defending against Parziale's claims in this action. Indeed, it borders on the absurd to suggest that

the parties could have selected which of Ms. Veronesi's medical records to offer in evidence

without first reviewing those records in their entirety.[3] Accordingly, all of Ms. Veronesi's

medical records were "reasonably necessary for maintenance of the action" within the meaning

of 28 U.S.C. § 1920(4).

With respect to the amount charged to AHL by WarRoom Document Solutions, Inc.

("WarRoom") for producing the jury exhibit binders, Parziale asserts that this amount is

"exorbitant." Parziale apparently contends that, because copies and three-ring binders can be

procured at a lower cost elsewhere, the rates charged by WarRoom are unreasonable. Parziale,

however, fails to consider that in addition to making the copies and furnishing the binders

themselves, WarRoom also collated and assembled the 17 binders with 60 separate exhibit tabs.

This is a substantial undertaking, especially in light of the fact that these tasks had to be

performed only days before trial.[4] Moreover, the $.21 per page charged by WarRoom is well

within the realm of a reasonable charge for an outside copy service. <u>See</u> <u>Environmental</u>

<u>Protection Information Center, Inc. v. Babbitt</u> 1999 U.S. Dist. LEXIS 22898 *21-22 (N.D. Cal.,

Mar. 31, 1999) (holding that $.22 per page for an outside copy service was a reasonable rate to

---

[3] AHL provided Parziale copies of all of the 608 pages of Ms. Veronesi's medical documents that it obtained from Dr. Rothchild. As a courtesy to Parziale, AHL did not seek reimbursement of the cost of copying these documents from Parziale although it is entitled to do so. (See March 18, 2005 letter from H. Popick to P. Michaels) (copy attached hereto as <u>Exhibit 3.</u>)

[4] Given that Parziale waited until November 8, 2006 -- just three business days before trial -- to provide his proposed revisions and additions to AHL's exhibit list (and in fact <u>never</u> provided a complete exhibit list to AHL) Parziale ought not now be heard to complain that the costs of copying the jury exhibit binders on an expedited basis were excessive.

be awarded on a bill of costs).[5]  Accordingly, the amounts AHL seeks for exemplification and copying are reasonable and should be allowed in full as costs in this action.

    B.    Witness Fees

    AHL seeks reimbursement of $2,457.69 in expenses in connection with the attendance of AHL's employee-witnesses, Kayte Pearl Harrison and John Johnson.  These expenses consist of: (a) three days' attendance fees at $40.00 per day per witness; (b) three days' subsistence at the GSA rate for Boston of $232.00 per day per witness; and, (c) $825.00 in travel expenses by common carrier.  Parziale contends that AHL's witnesses are not entitled to a witness fee, subsistence or travel expenses.  Parziale is incorrect.

    Pursuant to 28 U.S.C. § 1821, any witness in attendance at any United States court or before a United States Magistrate Judge "shall be paid the fees and allowances provided by [the] section."  28 U.S.C. § 1821(a)(1) (emphasis added).  These allowances expressly include: (1) "an attendance fee of $40 per day for each day's attendance," see 28 U.S.C. § 1821(b); (2) "the actual expenses of travel" by common carrier, see 28 U.S.C. § 1821(c)(1); and (3) "[a] subsistence allowance … in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5."  See 28 U.S.C. § 1821(d)(2).

    AHL's witnesses, Ms. Harrison and Mr. Johnson, both reside in Jacksonville, Florida and, as such, were required to travel on a common carrier to testify at trial in this case.  Thus, Ms. Harrison and Mr. Johnson are not only entitled to receive their actual travel expenses, see 28 U.S.C. § 1821(c)(1), but they are also each entitled to receive a subsistence allowance "because [the place of trial] is so far removed from the residence of such witness as to prohibit return

---

[5] Copies of unpublished opinions are attached hereto as Appendix A.

thereto from day to day." See 28 U.S.C. § 1821(d)(1). Furthermore, Ms. Harrison and Mr.

Johnson are also each entitled to an allowance of $40.00 for three days because this was the time

required for their attendance and "the time necessarily occupied in going to and returning from

the pace of attendance at the beginning and end of such attendance." See 28 U.S.C. § 1821(b).

Although Ms. Harrison and Mr. Johnson each testified on only one day of trial, each witness

spent a total of two days traveling to and from Boston. Thus, each witness is entitled to a total of

three days' attendance fees.

      Parziale apparently contends that AHL is not entitled to full reimbursement of all of these

expenses because AHL's witnesses were never personally paid such allowances or never

personally incurred such expenses. Parziale's argument makes no sense. AHL attached invoices

for lodging for its witnesses at the Holiday Inn Select in Boston totaling in excess of the $232.00

per day subsistence rate it is seeking. Moreover, with respect to the daily attendance fee, it is

immaterial whether Ms. Harrison and Mr. Johnson were in fact paid this fee as of the time AHL

submitted its Bill of Costs, because the law is clear that witnesses shall receive such an

allowance. See 28 U.S.C. § 1821(a). In sum, AHL is entitled to witness fees in the total amount

of $2,457.69.

      C.    Court Reporter/Deposition Fees

      AHL seeks reimbursement of its costs in the amount of $1,032.30 incurred in obtaining

the transcripts of the depositions of William Parziale, Robert Ehrlich, Dr. Christine Williamson,

and Dr. Joseph Rothchild. Parziale contends that AHL is not entitled to reimbursement of these

costs because these depositions were not "used at trial." Parziale is incorrect. Because AHL

used the Parziale and Ehrlich deposition transcripts at trial for cross-examination, these

transcripts were "used at trial" within the meaning of 28 U.S.C. § 1920 and, therefore, AHL may

recover the expense of obtaining these transcripts.  See, e.g., Walters v. President and Fellows of Harvard College, 692 F. Supp. 1440, 1442 (D. Mass. 1988) (cost of deposition transcript used on cross examination is taxable on a bill of costs).

With respect to the depositions of Drs. Rothchild and Williamson, because these depositions were taken as trial testimony, counsel for AHL required a copy of these transcripts to review its objections with the Court prior to trial.  See Dopp v. HTP Corp., 755 F. Supp. 491, 502 (D.P.R. 1991) ("a transcript is 'necessarily obtained' when it was necessary to counsel's effective performance and proper handling of the case").  Accordingly, AHL is entitled to reimbursement in full of the costs of the transcripts of the Parziale, Ehrlich, Rothchild and Williamson depositions in the amount of $1,032.30.

## III.    CONCLUSION

For the foregoing reasons, Parziale's Motion to Quash Defendant's Bill of Costs is without merit.  Accordingly, this Court should allow AHL's Bill of Costs in the full amount of $4,785.56.  In addition, AHL respectfully requests that the Court award its costs, including attorney's fees, incurred in responding to Parziale's Motion to Quash Defendant's Bill of Costs.

Respectfully submitted,

AMERICAN HERITAGE LIFE INSURANCE COMPANY,

By its attorneys,

/s/ Hobart F. Popick
Jonathan I. Handler (BBO # 561475)
Hobart F. Popick (BBO # 658763)
DAY PITNEY LLP
One International Place
Boston, Massachusetts 02110
(617) 345-4600

Dated:  January 12, 2007

## <u>CERTIFICATE OF SERVICE</u>

      I, Hobart F. Popick, hereby certify that on the 12th day of January, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to:  Patricia Michaels, Esq., 10 Tremont St., 4th Floor, Boston, Massachusetts 02108.

                             /s/ Hobart F. Popick
                             Hobart F. Popick