# EXHIBIT 1

# United States District Court
# District of Massachusetts

WILLIAM PARZIALE,
        Plaintiff,

    v.                       CIVIL ACTION NO. 2004-11377-RBC

AMERICAN HERITAGE LIFE
      INSURANCE COMPANY,
          A Wholly Owned Subsidiary
         of the Allstate Corporation,
          Defendant.

## *JUDGMENT*

COLLINGS, U.S.M.J.

The case came on for jury trial before the Court, the Honorable Robert B. Collings, United States Magistrate Judge, presiding. The jury having rendered its verdict on November 14, 2006,

IT IS ORDERED AND ADJUDGED:

      JUDGMENT for the defendant on Counts I and II of the Amended Complaint.

      JUDGMENT dismissing Counts III, IV, V and VI of the Amended Complaint.

The defendant shall recover its costs.

SARAH ALLISON THORNTON
Clerk of Court

By: _/s/ Kathleen Dolan_

Kathleen Dolan
Deputy Clerk

Dated at Boston, Massachusetts
this 16th day of November, 2006.

# EXHIBIT 2

# Taxation of Costs

## Procedures for Filing the Bill of Costs

Under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, a prevailing party may request the Courtroom Deputy Clerk to tax allowable costs in a civil action as part of a judgment or decree.   This procedure is begun by filing a ***Bill of Costs***, which must be filed on form AO 133, available in the Clerk's office.

### When is a party the "prevailing party"?

A party in whose favor a judgment is entered is the prevailing party, regardless of whether that party sustains the entire complaint or only a portion thereof.[1]  Thus, the plaintiff is the prevailing party when judgment is rendered in her favor.  The defendant is the prevailing party when the proceeding is terminated by court-ordered dismissal or judgment in favor of the defendant.  Note, however, that when the case is dismissed or remanded for lack of jurisdiction, costs can only be allowed on order of the Judge.[2]  In addition, under Fed. R. Civ. P. 68, a plaintiff who rejects a settlement offer that is more than the judgment eventually obtained by the plaintiff is liable to the defendant for costs incurred after the offer was made.[3]

### What must be filed?

The original of the Bill of Costs shall be filed with the Clerk, with copies served on adverse parties.  All costs sought must be itemized and documented in order to allow the adverse party a fair chance to object.[4]  An affidavit of the party or counsel must accompany the Bill of Costs verifying that (i) the items claimed in the Bill of Costs are correct, (ii) the costs have been necessarily incurred in the case, and (iii) the services for which fees have been charged were actually and necessarily performed.[5]

### When must the Bill of Costs be filed?

The Bill of Costs must be filed within fifteen (15) days of the earlier of (i) the expiration of the time allowed for appeal of the final judgment or decree, or (ii) receipt by the Clerk of the Mandate of the Court of Appeals.[6]

*Can costs be taxed in settled cases?*

If parties have specified an allocation of costs in their agreement to settle a case, that allocation is controlling.[7] If their agreement does not specify how costs are to be allocated, the determination will depend on which party is "prevailing." Ordinarily, this determination will require the party seeking costs to make an application for review by a District Judge or Magistrate Judge.

## Objections to the Bill of Costs

*How does the adverse party object to the Bill of Costs?*

If an adverse party objects to the Bill of Costs or any item claimed by a prevailing party, that party must state their objection(s) in a **Motion for Disallowance** with supporting documents. The Motion must be made within ten (10) days after the filing of the Bill of Costs. The prevailing party may file a response to the objection, so long as it is within five (5) days of the filing of the Motion for Disallowance.[8]

*How is the objection resolved?*

The need for a hearing on costs will be determined by the Courtroom Deputy Clerk. Unless a hearing is ordered, a ruling will be made within a reasonable period by the Courtroom Deputy Clerk. Within five (5) days of receipt of that Clerk's ruling on costs, a party may request review by a District Judge or Magistrate Judge.[9]

*What are common objections that should not be given weight?*

Adverse parties raise four common arguments against the taxation of costs that should not be given weight. First, it is often claimed that the losing party's lawsuit addressed important social issues, and that if costs are awarded, other parties seeking to pursue important public policy goals will be frightened away from litigation.[10] Second, parties sometimes view the "good faith" nature of their lawsuit as somehow excluding them from the duty to pay costs.[11] Third, parties often claim that their financial status should exempt them from taxation responsibilities, either because they are less wealthy than the prevailing party or because they are indigent.[12] Finally, it is sometimes claimed that the

prevailing party should be denied all or a part of their costs because they only prevailed on a portion of their claims, or they only received injunctive or other non-monetary relief.[13] None of these arguments are acceptable objections to the award of costs.

### What are common objections that can be considered?

Acceptable reasons for denying all or part of requested costs include the prevailing party's failure to file the Bill of Costs within the fifteen day time period,[14] and the failure to provide sufficient, legible itemization of costs, along with supporting documentation.[15] Costs may also be denied where the prevailing party has engaged in misconduct during the litigation process,[16] but this determination must be made by a District Judge or Magistrate Judge.

## Taxable Costs

It is important to note that only those costs specifically mentioned in 28 U.S.C. § 1920 are taxable.[17] Thus, the Courtroom Deputy Clerk must deny all other costs requested, even if the opposing party has failed to make an objection.[18] The following costs are taxable to the extent described:

### Fees of the Clerk.

Taxable.[19]

### Fees of the Marshal.

Taxable, even if conducted by private process servers.[20]

### Fees of the Court Reporter.

Taxable for all or any part of the transcript necessarily obtained for use in the case.[21] This includes trial transcripts and transcripts of depositions taken for use at trial.[22] Video depositions are not taxable without prior permission of the Court.[23] Daily or expedited transcript costs will not be taxable unless requested in a motion filed prior to commencement of trial.[24]

### Fees for witnesses.

Taxable, if the testimony of the witness was relevant and

material to an issue in the case,[25] for the following items: witness fees (at $40 per day); mileage (at $.3250 per mile) and/or travel by common carrier, tolls, and parking, if the witness testifies; and subsistence (at $238.00 per day for the Boston area) if the witness testifies and it is not practical for the witness to return to his or her residence from day to day.[26] Fees for witnesses who are parties to the litigation are not taxable.[27] However, witness fees for employees of a corporate party are allowable so long as the employees are not real parties in interest.[28]

**Fees for exemplification.**

Taxable if necessarily obtained for use in the case.[29] Exemplification is the making of an official and certified copy of a document or transcript that is used as evidence. Examples of items that may be exemplified include docket sheets, complaints, medical reports, police reports, weather reports, land records, and criminal records.

**Fees for printing and copying.**

Photocopying costs are taxable only to the extent that the copies were used as exhibits, were furnished to the Court or opposing counsel, or were otherwise necessary for maintenance of the action.[30] Thus, taxable items can include copies of trial transcripts,[31] deposition transcripts used at trial,[32] copies of exhibits where originals are not available, briefs, excerpts of the record, etc.[33] Counsel must include a statement that the cost is no higher than what is generally charged for reproduction in the local area, and that no more copies than what was actually necessary were reproduced.[34] Copies for the convenience of counsel and not for use at trial are not taxable.[35] The reasonable expense of preparing items such as charts, photographs, motion pictures and similar visual aids is taxable when the exhibits have been received in evidence and have been of aid to the Court.[36] The costs of maps, charts and models (including computer generated models) that are deemed to be beyond the needs of the case are not taxable.[37]

**Docket fees.**

Taxable according to the rates set forth in 28 U.S.C. § 1923.

**Compensation of court-appointed experts.**

> Taxable only if the expert is court-appointed.  If an expert witness is not court-appointed, expenditures are taxable only to the extent that ordinary witness expenditures would be (see above).[38]

**Compensation of interpreters and costs of special interpretation services.**

> Fees, expenses and costs of interpreters are taxable if their services or the product of their services (i.e., translated depositions) are used at trial.[39]  Fees for translation of documents received in evidence, used as part of the proceeding or otherwise reasonably necessary for trial preparation are taxable.  Current rates for a certified and professionally qualified interpreter are $305.00 for a full day, $165 for a half day, and $45 per hour for overtime.  The rate for a language skilled (non-certified) interpreter is $145 for a full day, $80 for a half day, and $25 per hour for overtime.[40]

## Special Proceedings

When the action has had proceedings in courts other than the District Court, or is a special type of proceeding in the District Court, the following rules apply:

**Bankruptcy appeals.**

> A Bill of Costs on a bankruptcy appeal to the District Court must be filed within fifteen (15) days of the entered date of the order deciding the bankruptcy appeal.  Note that if judgment is affirmed or reversed in part, or is vacated, costs cannot be taxed unless the judgment signed by the Court specifically awards costs to a party.[41]  The following are taxable as costs, in addition to other taxable items:  costs incurred in the production of copies of briefs, the appendices, and the record and in the preparation and transmission of the record, the cost of the Reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal and the fee for filing the notice of appeal.[42]

*Suits in admiralty.*

> Costs incurred in posting a bond may be taxable if deemed a reasonable expense.[43]  The prevailing party must have obtained the lowest available rate.[44]

*The Court of Appeals.*

> Any costs allowed and entered as an order by the Court of Appeals (usually costs associated with appellate printing or production of briefs) shall be added to costs taxed by the District Court.[45]  In addition, allowable costs to be entered by the Courtroom Deputy Clerk of the District Court include the costs of preparing and transmitting the record and transcripts, obtaining supersedeas bonds and other required bonds, and fees of the appellate clerks.[46]

*The United States Supreme Court.*

> Taxable costs are limited to fees of the Clerk and costs of printing the joint appendix.  When costs are allowed by the Supreme Court, an itemization of the costs will be inserted in the body of the mandate sent to the court below.[47]

*State courts.*

> For removed cases, any costs incurred in state court prior to removal are taxable in federal court, so long as the costs were taxable under state law.[48]  An affidavit of costs incurred while proceeding in state court must accompany the Bill of Costs.

## Items Specifically Not Taxable

Two non-taxable items deserve special mention.

*Attorney's fees.*

> Any party seeking attorney's fees must file an appropriate motion with the District Judge or Magistrate Judge.[49]

*Special Master fees.*

> Any party seeking Special Master fees must file a motion
> with the District Judge or Magistrate Judge.[50]

## Status of Certain Special Parties

### Intervenors.

> Intervenors in agency actions are generally treated like any
> other prevailing or losing party.[51]

### The United States.

> Costs may be taxed against the United States or any of its
> agencies or officials if the United States is a losing party.[52]
> The United States may recover filing fees when it prevails in
> a civil action.[53]

### State governments.

> State governments, agencies and officials may be taxed with
> costs.[54]

(taxation.wpd - 12/28/00)

## Sources

1. See Roberts v. Madigan, 921 F.2d 1047, 1058 (10th Cir. 1990) (awarding full costs to party that prevailed on the majority of claims and issues); see also 10 Wright & Miller: Federal Prac. & Proc. § 2667 n. 16 (1998) (collecting sources).

2. See 28 U.S.C. § 1919.

3. See Crossman v. Marcoccio, 806 F.2d 329 (1st Cir. 1986).

4. See Harceg v. Brown, 536 F. Supp. 125 (N.D. Ill. 1982).

5. See 28 U.S.C. § 1924.

6. No statute or federal rule governs what constitutes a timely filing and thus individual courts vary in their treatment of the question. In lieu of a local rule, it has been held that bills of costs must be filed within a reasonable time after the conclusion of litigation. See, e.g., Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219 (7th Cir. 1988). While the District of Massachusetts does not have a formalized local rule, the procedure described above has come to represent the practice of the District.

7. See Frigiquip Corp. v. Parker-Hannifin Corp., 75 F.R.D. 605 (W.D. Okla. 1977).

8. Like the fifteen day time period for filing the Bill of Costs, this procedure for filing objections is a matter of local practice, permissible within the Federal Rules. See Kallay v. Community National Life Insurance Co., 52 F.R.D. 139 (D. Okl. 1971) (local rule may set time limit for filing bill of costs).

9. See Fed. R. Civ. P. 54(d)(1).

10. See, e.g., Smith v. Southeastern Pennsylvania Transportation Authority, 47 F.3d 97 (3d Cir. 1995).

11. See, e.g., Popeil Brothers, Inc. v. Schick Electric, Inc., 516 F.2d 772 (7th Cir. 1975).

12. See, e.g., Papas v. Hanlon, 849 F.2d 702 (1st Cir. 1988) (requiring in forma pauperis litigant to pay prevailing defendants for stenographer's fees in no-show depositions); Halasz v. University of New England, 821 F. Supp. 40 (D. Me. 1993) (student's plausible arguments and general lack of funds did not preclude award of costs to university).

13. See, e.g., Roberts, 921 F.2d 1047.

14. Because the District's fifteen day time period appears to be an informal practice, rather than a formalized local rule, some allowance should be made for litigants who file late but claim, in good faith, that they were not aware of the time restriction. See In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation, 994 F.2d 956 (1st Cir. 1993) (district court cannot deny costs without providing opportunity to seek ordinary costs).

15. See Proffitt v. Municipal Authority of the Borgough of Morrisville, 716 F. Supp. 845 (E.D. Pa. 1989) (clerk may not tax unexplained costs).

16. See Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985).

17. See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 442, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) ("The Court has the discretion to deny any of the costs on this list but may not grant the prevailing party fees for expenses that do not appear [in § 1920]"); Rodriquez-Garcia v. Davila, 904 F.2d 90, 100 (1st Cir. 1990) ("An award of costs must be carefully tailored to the items [in § 1920]").

18. See Andrews v. Suzuki Motor Co., Ltd., 161 F.R.D. 383 (S.D. Ind. 1995).

19. See 28 U.S.C. § 1920(1).

20. See Bass v. Spitz, 522 F. Supp. 1343 (E.D. Mich. 1981); Morris v. Carnathan, 63 F.R.D. 374 (N.D. Miss. 1974).

21. See Walters v. President and Fellows of Harvard College, 692 F. Supp. 1440 (D. Mass. 1988) (successful litigant could recover only those costs associated with taking and transcribing depositions that were used or introduced as evidence at trial).

22. See Emerson v. National Cylinder Gas Co., 147 F. Supp. 543 (D. Mass. 1957), affirmed, 251 F.2d 152 (1st Cir. 1958) (costs of depositions taken for preparation and discovery, rather than for use at trial, not recoverable).

23. Miller v. National R.R. Passenger Corp., 157 F.R.D. 145 (D. Mass. 1994).

24. See Virginia Panel Corp. v. Mac Panel Co., 887 F. Supp. 880 (W.D. Va. 1995) ("The cost of daily copies of trial transcripts is recoverable if the daily transcript is indispensable, rather than merely for the convenience of the attorneys.") (citing Farmer v. Arabian American Oil Co., 379 U.S. 227, 233-34, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964)).

25. See 10 Wright & Miller: Federal Prac. & Proc. § 2678 n. 8 (1998) (collecting sources).

26. See 28 U.S.C. § 1821.

27. See Bee v. Greaves, 910 F.2d 686 (10th Cir. 1990); Heverly v. Lewis, 99 F.R.D. 135 (D. Nev. 1983).

28. See Todd Shipyards Corp. v. Turbine Services, Inc., 592 F. Supp, 380 (E.D. La. 1984); Morrison v. Alleluia Cushion Co., 73 F.R.D. 70 (N.D. Miss. 1976); Sperry Rand Corp. v. A-T-O, Inc., 58 F.R.D. 132 (E.D. Va. 1973).

29. See 28 U.S.C. § 1920(4); Commerce Oil Refining Corp. v. Miner, 198 F. Supp. 895 (D. R.I. 1961)

30. See Board of Directors, Water's Edge v. Anden Group, 135 F.R.D. 129 (E.D. Va. 1991).

31. Under 28 U.S.C. § 1920(2), prevailing parties are entitled to the fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case. "Courts generally consider a transcript 'necessarily obtained' when it was necessary to counsel's effective performance and proper handling of the case ... or when requested by the court.... The words 'use in the case' signify that the transcript must have a direct relationship to the determination and result of the trial." Dopp v. HTP Corp., 755 F. Supp. 491, 502 (D. Puerto Rico 1991), vacated on other grounds, 947 F.2d 506 (1st Cir. 1991).

32. "[I]f depositions are either introduced in evidence or used at trial, their costs should be taxable to the losing party." Templeman v. Chris Craft Corp., 770 F.2d 245, 248 (1st Cir. 1985), cert. denied, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985).

33. "Under section 1920(4), Plaintiffs are entitled to the fees for their copies which were necessarily obtained for use in the case. Copies are recoverable when they are reasonably necessary to the maintenance of the action." Rodriguez-Garcia v. Davila, 904 F.2d 90, 100 (1st Cir. 1990).

34. See 28 U.S.C. § 1924.

35. See Perlman v. Feldmann, 116 F. Supp. 102 (D. Conn. 1953) (additional copies of depositions obtained because prevailing parties were represented by two law firms were for the convenience of counsel and therefore not taxable).

36. See H. C. Baxter & Bro. v. Great Atlantic & Pacific Tea Co., 44 F.R.D. 49 (D. Me. 1968).

37. See Emerson, 147 F. Supp. 543 (successful defendants only allowed 25 percent of expenses for elaborate and detailed charts which went beyond needs of the occasion); Paul N. Howard Co., v. Puerto Rico Aqueduct and Sewer Authority, 110 F.R.D. 78 (D. Puerto Rico 1986) (costs for graphs and exhibits disallowed where not indispensable to court's understanding).

38. As the Supreme Court in Crawford Fitting expressed, "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of 1821(b), absent contract or explicit statutory authority to the contrary." Crawford Fitting Co., 482 U.S. 437, 439, 107 S.Ct. 2494, 96 L.Ed.2d 385.

39. See 28 U.S.C. § 1920(6); East Boston Ecumenical Community Council, Inc. v. Mastrorillo, 124 F.R.D. 14 (D. Mass. 1989) (costs of having interpreters present at deposition would be recoverable by defendants if they prevailed at trial).

40. See 28 U.S.C. § 1818.

41. See Fed. R. Bankr. P. 8014.

42. See id.

43. See Copperweld Steel Co. v. Demag-Mannesmann-Bohler, 624 F.2d 7 (3d Cir. 1980).

44. See Keystone Shipping Co. v. S. S. Monfiore, 275 F. Supp. 606 (S.D. Tex. 1967); American Hawaiian Ventures, Inc. v. M. V. J. Latuharhary, 257 F. Supp. 622 (D. N.J. 1966).

45. See Fed. R. App. P. 39(c).

46. See Fed. R. App. P. 39(e).

47. See Sup. Ct. R. 43(3).

48. See Simeone v. First Bank National Association, 971 F.2d 103 (8th Cir. 1992) (state law governs award of costs for proceedings that take place in state court).

49. See De Thomas v. Delta S. S. Lines, Inc., 58 F.R.D. 335 (D. Puerto Rico 1973) (attorneys' fees not included in statutory definition of taxable costs).

50. See Mallonee v. Fahey, 117 F. Supp. 259 (S. D. Cal. 1953) (special master fees were required to be fixed and assessed by the court, rather than the clerk acting under her statutory authorization).

51. See 10 Wright & Miller: Federal Prac. & Proc. § 2667 n. 23 (1998) (collecting sources).

52. See 28 U.S.C. § 2412(a).

53. See Federal Courts Administration Act of 1992 (P.L. 102-572).

54. The Eleventh Amendment has been held not to bar such assessments. See Gay Student Services v. Texas A & M University, 612 F.2d 160 (5th Cir. 1980); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976).

# EXHIBIT 3

# Day, Berry & Howard LLP

COUNSELLORS AT LAW



Hobart F. Popick
Direct Dial: (617) 345-4767
E-mail: hfpopick@dbh.com

March 18, 2005

**VIA U.S. MAIL**

Patricia Michaels, Esq.
Law Offices of Patricia Michaels
10 Tremont Street
4th Floor
Boston, MA 02108

     Re:    **William Parziale v. American Heritage Life Insurance Company**
               **Civil Action No. 04-11377-RBC**

Dear Pat:

    I have enclosed a copy of documents produced to me in response to American Heritage Life Insurance Company's document subpoena to Dr. Joseph Rothchild, of the Lahey Clinic, in the above-referenced matter. We have Bates numbered the copies ROTH 0001 – ROTH 0731.

    Please contact me should you have any questions or concerns.

                      Very truly yours,

                      Hobart F. Popick

HFP/CAA
Enclosures

51298218_1.DOC 001772-00000
March 18, 2005 10:26 AM      260 Franklin Street | Boston, MA 02110 | t 617 345 4600 f 617 345 4745

Boston  Greenwich  Hartford  New Haven  New York  Stamford  West Hartford  www.dbh.com

# APPENDIX A

LEXSEE 1999 US DIST LEXIS 22898

**MARBLED MURRELET (Brachyramphus marmoratus), NORTHERN SPOTTED OWL (Strix occidentalis caurina) and ENVIRONMENTAL PROTECTION INFORMATION CENTER, INC. v. BRUCE BABBITT, MOLLIE BEATTIE, MICHAEL SPEAR, U.S. FISH & WILDLIFE SERVICE, THE PACIFIC LUMBER COMPANY, SCOTIA PACIFIC HOLDING COMPANY and SALMON CREEK CORPORATION**

**No. C 95-3261 LCB**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*1999 U.S. Dist. LEXIS 22898*

**March 31, 1999, Decided**
**April 5, 1999, Filed**

**PRIOR HISTORY:** *Marbled Murrelet v. Babbitt, 1998 U.S. Dist. LEXIS 4266* (N.D. Cal. Mar. 30, 1998)

**DISPOSITION:** [*1] Defendants Pacific Lumber Company, Scotia Pacific Holding Company and Salmon Creek Corporation's motion for costs and plaintiffs Marbled Murrelet, Northern Spotted Owl and Environmental Protection Information Center, Inc.'s opposition thereto were granted in part and denied in part.

**COUNSEL:** For (BRACHYRAMPHUS MARMORATUS), NORTHERN SPOTTED OWL (STRIX OCCIDENTALIS CAURINA), ENVIRONMENTAL PROTECTION INFORMATION CENTER, Plaintiffs: Thomas N. Lippe, Law Offices of Thomas N. Lippe, San Francisco, CA.

For (BRACHYRAMPHUS MARMORATUS), NORTHERN SPOTTED OWL (STRIX OCCIDENTALIS CAURINA), ENVIRONMENTAL PROTECTION INFORMATION CENTER, Plaintiffs: Sharon E. Duggan, Sharon E. Duggan Law Offices, Berkeley, CA.

For BRUCE BABBITT, MOLLIE BEATTIE, MICHAEL SPEAR, defendants: James C. Kilbourne, Christiana P. Perry, Lois J. Schiffer, U.S. Department of Justice, Washington, DC.

For BRUCE BABBITT, MOLLIE BEATTIE, MICHAEL SPEAR, UNITED STATES FISH AND WILDLIFE SERVICE, defendants: Ellen J. Kohler, US Dept of Justice, Washington, DC.

For BRUCE BABBITT, MOLLIE BEATTIE, MICHAEL SPEAR, defendants: Patrick R. Bupara, AUSA, Robert S. Mueller, III, U.S. Attorney's Office, San Francisco, CA.

For UNITED [*2] STATES FISH AND WILDLIFE SERVICE, defendant: Patrick Ramirez, U.S. Attorney's Office, San Francisco, CA.

For PACIFIC LUMBER COMPANY, SCOTIA PACIFIC HOLDING COMPANY, SALMON CREEK CORP., defendants: Jared G. Carter, Frank Shaw Bacik, Carter Behnke Oglesby & Bacik, Ukiah, CA.

For PACIFIC LUMBER COMPANY, SCOTIA PACIFIC HOLDING COMPANY, SALMON CREEK CORP., defendants: Alson R. Kemp, Andrea Gross, David W. Trotter, Pillsbury Winthrop LLP, San Francisco, CA.

**JUDGES:** LOUIS C. BECHTLE, J.

**OPINION BY:** Bechtle

**OPINION:**

## MEMORANDUM AND ORDER REGARDING TAXABLE COSTS

BECHTLE, J.

MARCH 31, 1999

Presently before the court is defendants Pacific Lumber Company, Scotia Pacific Holding Company and Salmon Creek Corporation's (collectively "PL") motion for costs and plaintiffs Marbled Murrelet, Northern Spotted Owl and Environmental Protection Information Center, Inc.'s (collectively "EPIC") opposition thereto. For the reasons set forth below, the motion will be granted in part and denied in part.

## I. BACKGROUND

EPIC brought this civil action pursuant to the Endangered Species Act, *16 U.S.C. § 1531*, et seq. ("ESA"). EPIC sought to enjoin PL's [*3] logging activities on privately owned timberland in Humboldt County, California. By Order dated March 30, 1998, the court denied PL's motion for attorneys' fees and costs under the ESA fee shifting provision, *16 U.S.C. § 1540*(g)(4). A detailed background of the case is set forth in that Order and in the court's Order granting PL's summary judgment motion at *Marbled Murrelet v. Babbitt, 1997 U.S. Dist. LEXIS 9138, No. C95-3261, 1997 WL 361232*, at *1-5 (N.D. Cal. 1997). In that Order, the court did not review the issue of imposing taxable costs against EPIC. On May 1, 1998, PL filed the instant motion for costs under *Federal Rule of Civil Procedure 54(d)* and *28 U.S.C. § 1920*. n1 On September 3, 1998, EPIC filed its opposition. On November 9, 1998, PL filed its reply. The court will now address PL's motion for costs pursuant to Rule 54(d) and § 1920.

n1 PL's motion requests that this court rule on its Rule 54(d) Bill of Costs directly, rather than through the usual procedure of filing an objection to a taxation of costs by the Clerk of Court. The motion includes the requisite certificate of counsel as required by *28 U.S.C. § 1924*.

Although EPIC does not object to disposition of the Bill of Costs by this method, it does challenge the timeliness of PL's Bill of Costs. Local Rule of Civil Procedure 54-1 requires that a bill of costs be filed "no later than 14 days after

entry of judgment." Loc. R. Civ. P. 54-1(a). PL filed its original Bill of Costs on July 2, 1997, within 14 days of the June 24, 1997 Order which entered judgment in favor of PL. PL then filed its Supplement to Bill of Costs on July 17, 1997. Although EPIC points out that PL filed its supplement outside the scope of the 14 day time period articulated in Local Rule 54-1, EPIC does not point to any authority which prevents an amendment or supplement to a Bill of Costs when the Bill of Costs was filed in a timely manner. The court will rule on the costs as requested in PL's present motion.

[*4]

## II. LEGAL STANDARD FOR TAXATION OF COSTS

Under *28 U.S.C. § 1920*, a court may impose certain costs against non-prevailing parties. Under *Federal Rule of Civil Procedure 54(d)*, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *Fed. R. Civ. P. 54(d)(1)*. The Ninth Circuit recently stated that "Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party which may only be overcome by pointing to some impropriety on the part of the prevailing party that would justify a denial of costs." *Russian River Watershed Protection Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998)*. Furthermore, "[a] party in whose favor judgment is rendered is generally the prevailing party for purposes of Rule 54(d)." d' *Hedouville v. Pioneer Hotel Co., 552 F.2d 886, 896 (9th Cir. 1977)*.

## III. DISCUSSION

EPIC challenges the imposition of costs generally and also challenges the individual cost items claimed. The court will first review EPIC's general opposition to costs. Then, the court will determine whether each [*5] individual cost item is proper under *28 U.S.C. § 1920*.

### A. EPIC's General Opposition to Costs

EPIC's makes three arguments opposing the imposition of costs generally. First, EPIC claims that the award of costs in this action is governed by the ESA and that *Federal Rule of Civil Procedure 54(d)* does not

apply. Second, EPIC claims it was the prevailing party in the litigation. Third, EPIC claims that its financial situation and the economic disparity between itself and PL warrants denying or reducing costs to PL.

### 1. Applicability of *Federal Rule of Civil Procedure 54(d)*

EPIC claims that the ESA controls the granting of costs in this action and so costs may not be obtained under *Federal Rule of Civil Procedure 54(d)*. EPIC relies on the language in Rule 54(d) which states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs" or unless an "express provision therefor is made either in a statute of the United States or in these rules." *Fed. R. Civ. P. 54(d)*. EPIC argues that because the ESA contains an express provision regarding costs, Rule 54(d) is inapplicable. See [*6] Louis C. *16 U.S.C. § 1540*(g)(4) (stating "the court . . . may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate"). The court disagrees.

The ESA contains a fee shifting provision which, under the Christiansburg standard, grants attorneys fees and costs to either a prevailing plaintiff or to a prevailing defendant upon a showing that plaintiff's claim was frivolous, meritless or vexatious. See *Carson-Truckee Water Conservancy Dist. v. Secretary of the Interior, 748 F.2d 523, 526 (9th Cir. 1984)* (applying Christiansburg standard under ESA); see also *Razore v. Tulalip Tribes of Washington, 66 F.3d 236, 240 (9th Cir. 1995)* (stating "Christiansburg Garment Co. is the proper standard for [Resource Conservation and Recovery Act] and [Clean Water Act] suits"); *Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 54 L. Ed. 2d 648, 98 S. Ct. 694 (1978)* (setting fee shifting standard under Title VII). Costs obtainable under *Federal Rule of Civil Procedure 54(d)* and *28 U.S.C. § 1920* differ [*7] in two respects. First, Rule 54(d) and § 1920 only grant taxable costs, as opposed to attorney fees and a broader array of costs available under the ESA. Second, Rule 54(d) and § 1920 grant taxable costs to any prevailing party, regardless of their status as a plaintiff or defendant and regardless of the nature of the litigation. As the Ninth Circuit has noted, "Rule 54(d)(1) . . . makes the award of costs to a prevailing party automatic in the absence of an express direction to the contrary by the district court." *National Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1471 (9th Cir. 1995)*.

The Ninth Circuit recently rejected a similar argument as EPIC asserts here. In *Russian River Watershed Protection Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998)*, the Ninth Circuit held that "the district court was empowered by *Federal Rule of Civil Procedure 54(d)* to make an award of taxable costs to the prevailing party" in a civil action brought under the citizen suit provision of the Federal Water Pollution Control Act (the "Clean Water Act"), *33 U.S.C. § 1365*. In Russian River, an environmental group brought [*8] an action against a municipality challenging the municipality's compliance with sewage pollutant discharge permits. *Id. at 1138*. On appeal of the district court's award of Rule 54(d) taxable costs to the defendant municipality, the plaintiffs "asserted that under the Clean Water Act, the district court may only award costs to the prevailing defendant where the plaintiffs' claim was frivolous, meritless, or vexatious." *Id. at 1144*. The court rejected that argument, holding that "Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party which may only be overcome by pointing to some impropriety on the part of the prevailing party that would justify a denial of costs." Id. (citation omitted). This holding is particularly relevant because the Clean Water Act contains a fee shifting provision similar to the ESA as the court is presented with here. Compare *33 U.S.C. § 1365*(d) (Clean Water Act fee provision stating that "the court . . . may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines [*9] such award is appropriate") with *16 U.S.C. § 1540* (ESA fee provision stating "the court . . . may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate"). Because the Ninth Circuit held that Rule 54(d) was applicable to a defendant's request for taxable costs under the Clean Water Act despite a provision in that statute regarding attorney's fees and costs, the court finds that Rule 54(d) is similarly applicable to PL's request for taxable costs under the ESA, despite a provision therein regarding attorney's fees and costs.

The court finds that the inability of PL to obtain costs under the ESA does not prevent the court from taxing costs under the Rule 54(d). Furthermore, the court finds that the Christiansburg standard does not apply to the instant Rule 54(d)(1) motion. Therefore, the court will

not reduce or deny PL's motion for taxable costs on this ground.

## 2. The Prevailing Party

EPIC also contends that it is the prevailing party in the litigation and, therefore, the court should deny PL's motion for costs under Rule 54(d). As noted above, parties [*10] are "prevailing" if judgment is rendered in their favor. d' *Hedouville v. Pioneer Hotel Co., 552 F.2d 886, 896 (9th Cir. 1977).* The Ninth Circuit has noted that "in the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs." *Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996)* (citing *Testa v. Village of Mundelein, 89 F.3d 443 (7th Cir. 1996)).*

EPIC argues that it prevailed by causing PL to terminate its plan to use helicopters in logging activities. According to EPIC, during the course of litigation, PL notified EPIC that it would abandon its use of helicopters in order to "remove the issue from litigation." (EPIC's Opp. at 5.) EPIC asserts that the California Department of Forestry and Fire Protection ("CDF") and the United States Fish and Wildlife Service (the "Service") both found that the use of helicopters would have endangered the Marbled Murrelet and that EPIC's lawsuit acted as a "catalyst" in ending PL's use of helicopters. Id. at 5. EPIC contends that these events make it the prevailing party under the ESA.

Despite EPIC's characterization of [*11] these events, the court has no foundation to hold that PL ceased its use of helicopters under pressure from EPIC's lawsuit. EPIC contends that it was first notified that PL would not use helicopters in logging activities during the deposition of Salvador John Chinnici. Id. at 5. At that deposition, PL's counsel stated that PL "takes the position that as long as [the California Department of Forestry and Fire Protection ("CDF")] finds that helicopter yarding would be a violation . . . [PL] will not nor attempt to helicopter log." (Chinnici Dep. July 9, 1996 at 90.) PL's counsel continued that "to get [the issue] out of this case, should [PL] decide to have some kind of attempt to convince CDF to change its mind, it will make a public statement to [EPIC] to that effect." Id. at 91. The court finds that PL's counsel's statements on which EPIC relies fails to establish that PL curtailed its helicopter activities in direct response to EPIC's lawsuit, as opposed to a response to governmental agency findings. Thus, the court cannot find that EPIC's lawsuit was a catalyst in altering PL's helicopter logging plans.

Instead, the court finds that PL is the prevailing party [*12] in this litigation. EPIC brought two claims against PL. One claim alleged that PL's harvesting activities would effect a "take" of the Marbled Murrelet in violation of Section 9 of the ESA, *16 U.S.C. § 1538.* On January 13, 1997, the court granted EPIC's motion to dismiss its Section 9 claim with prejudice. The other claim was brought pursuant to Section 7 of the ESA, *16 U.S.C. § 1536* and Section 102(2)(C) of the National Environmental Policy Act ("NEPA"), *42 U.S.C. § 4332(2)(C).* On June 18, 1997, the court entered summary judgment in favor of PL on the Section 7 claims. *Marbled Murrelet v. Babbitt, 1997 U.S. Dist. LEXIS 9138, No. C95-3261, 1997 WL 361232,* at *7-8 (N.D. Cal. June 24, 1997). The court found that under the Ninth Circuit's rulings in Marbled Murrelet, EPIC could not sustain its cause of action under Section 7. Because judgment was rendered in PL's favor on all of EPIC's claims, the court finds that PL is the prevailing party for purposes of Rule 54(d). The court will not reduce or deny PL's motion for costs on this ground.

## 3. EPIC's Financial and Organizational Status

EPIC contends that its financial [*13] situation warrants a denial or reduction of costs. EPIC claims that its status as a non-profit entity which furthers the goals of the ESA absolves it from liability for taxable costs in this litigation. Also, EPIC claims that the disparity of financial resources between itself and PL, and EPIC's inability to pay the taxable costs warrants the denial of costs.

EPIC's organizational status, size, source of funding or stated goal does not automatically entitle it to be absolved from liability for taxable costs. Unlike the fee shifting provisions of the ESA which, under the Christiansburg standard, favor those bringing environmental claims, Rule 54(d) places no weight on the identity of the claimant other than whether they are prevailing parties. Such a result is implicit in the Ninth Circuit's holding in Russian River, wherein the court affirmed the assessment of taxable costs under Rule 54(d) against an environmental group in favor of a defendant municipality, despite the environmental group's arguments that the Christansburg standard should apply to the application of costs. *Russian River Watershed Protection Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998).* [*14] As discussed above, Rule

54(d)(1) creates a presumption in favor of awarding taxable costs to the prevailing party regardless of their identity. *Id. at 1144.* The court will not reduce or deny PL's motion for taxable costs on this ground.

The court also finds that EPIC's limited economic resources and alleged inability to pay costs do not warrant a reduction in the costs assessment as contemplated within the facts of this case. As outlined above, the Ninth Circuit has referred to the denial of taxable costs as a punitive measure against the moving party. See *id. at 1144* (stating that "Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party which may only be overcome by pointing to some impropriety on the part of the prevailing party that would justify a denial of costs."); *National Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1472 (9th Cir. 1995)* (stating that "the loser bears this burden [of Rule 54(d) costs] because the denial of costs is by nature a penalty.") (citing *Smith v. Southeastern Penn. Transp. Auth., 47 F.3d 97, 99-100 (3d Cir. 1995)).* EPIC cites no impropriety on behalf [*15] of PL which warrants punitive measures against it, nor does the court find such an impropriety.

EPIC points out that in a previous ruling, the Ninth Circuit stated that the ability of a party to pay an assessment of taxable costs is a factor a court may consider in taxing costs. See *National Org. for Women v. Bank of California, Nat. Ass'n, 680 F.2d 1291, 1294 (9th Cir. 1982)* (stating that "district court considered the plaintiffs' limited budgets" and holding that "the court did not abuse its discretion."). One district court subsequently noted that there was "no clearly defined test or set of factors to consider in determining whether to award something less than full costs." *Coulter v. Newmont Gold Co., 873 F. Supp. 394, 397 (D. Nev. 1994).* However, "the burden is on the losing party seeking to avoid taxation of costs to overcome it, and the district court can depart from it only with a statement of reasons." *Id. at 396.* To the extent that Russian River and National Info. Servs. could possibly be read to leave a district court discretion in reducing an award of costs for the equitable reasons EPIC asserts here, the court [*16] finds EPIC would not meet their burden.

In a supporting affidavit by Paul Mason as President of the Board of Directors of EPIC, EPIC makes several claims regarding its financial status. EPIC states that it "does not have the ability to pay the substantial amount of costs sought . . . without suffering a severe economic burden that would dramatically and adversely affect EPIC's ability to continue to provide the services for which it exists." (Mason Decl. at P 1.) EPIC notes that, as a non-profit entity, it relies heavily on donations and volunteer time to provide its services, including pro bono work by attorneys. Id. at PP 2, 6 & 8. EPIC also claims that its only tangible assets are office equipment amounting to $ 12,000.00. Id. at P 6. EPIC states that it has a reserve of cash for three months operating expenses. EPIC believes that "all other assets are given for specific purposes and must be returned if they are not used for the purposes for which they were intended and given." Id. at P 9. Furthermore, EPIC does not believe it could raise additional funds to pay for any costs which would have to be paid to PL. Id. The court finds these statements regarding EPIC's [*17] inability to use existing funds to pay for an assessment of costs to be vague and unsupported. The court also finds that EPIC's claim that it would be unable to raise additional funds to pay for such costs to be highly speculative. The court notes that EPIC is no stranger to litigation, nor to the concept of costs which is an ordinary result of such litigation. The court again notes the strong presumption in favor of granting costs to a prevailing party as articulated in Russian River and other recent Ninth Circuit cases. See, e.g., *National Info. Servs., 51 F.3d at 1471-72* (stating "the only 'limit' we set today is the rule that a district court cannot punish a party by denying costs unless the party has done something to deserve it."). In sum, the court finds that the general, unsupported statements asserted here regarding EPIC's ability to raise funds and pay for any costs assessed do not rebut the strong presumption in favor of imposing such costs. The court will not reduce or deny PL's motion for taxable costs on this ground.

## B. PL's Itemized Costs and EPIC's Specific Challenges Thereto

The court will now review PL's itemized costs and EPIC's challenges [*18] to those costs. The costs which a judge or clerk may tax as costs are:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed [ILLEGIBLE WORD], compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*28 U.S.C. § 1920.* See also Loc. R. Civ. P. 54-3 (setting standards for taxing costs). The court's discretion is limited to granting those costs enumerated under § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42, 96 L. Ed. 2d 385, 107 S. Ct. 2494 (1987)* (stating "section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."). To the extent that PL cites *In re Media Vision Tech. Sec. Litig., 913 F. Supp. 1362 (N.D. Cal. 1996),* [*19] in an attempt to expand the scope of recoverable costs, the court finds that the standard applied in that case is irrelevant here because the common fund doctrine governed that costs motion. In that case, the magistrate judge stated that:

> unlike the *Fed. R. Civ. P. 54(d)*, which entitles prevailing parties to collect taxable costs, an attorney who has created a common fund has a right to reimbursement even if the litigation does not produce, or may never produce, an actual recovery. Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit by the settlement.

*Id. at 1365* (citations omitted). Because there is no common fund involved in the case at hand, the court will limit its consideration to those costs authorized by *28 U.S.C. § 1920* and the Local Rules as directed by the Supreme Court in Crawford Fitting Co. See *Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587, 588 (9th Cir. 1990)* (stating that "in Crawford Fitting Co. v. J.T. Gibbons, Inc., the Supreme Court held that federal [*20] courts are limited to assessing only those costs enumerated under *28 U.S.C.

§ 1920.*").

PL claims $ 58,676.01 in itemized costs. These costs are divided into the following eight categories: (1) court reporter fees; (2) copying costs; (3) fax charges; (4) attorney travel expenses; (5) telephone expenses; (6) computerized legal research costs; (7) witness fees; and (8) miscellaneous costs. The court will review the costs claimed under each of the categories separately.

### 1. Court Reporter Fees

PL claims $ 8,155.57 in costs as court reporter fees for deposition and hearing transcripts. (PL Mem. Ex. A-1.) EPIC challenges these claims, stating that deposition transcripts are not authorized under § 1920 and that the depositions were not used at trial. Section 1920 permits recovery of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" and the Local Rules permit the recovery of court reporter fees for transcripts of both court proceedings and depositions. *28 U.S.C. § 1920*(2); Loc. R. Civ. P. 54-3(b) & (c); see also *Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 177 (9th Cir. 1990)* [*21] (stating "the cost of deposition copies is "encompassed" by section 1920(2), and is therefore properly taxed"). Under the Local Rules, the court may tax the cost of "any deposition . . . taken for any purpose in connection with the case . . .." Loc. R. Civ. P. 54-3(c)(1). That language is not limited to those depositions that were introduced as evidence at trial. The court finds that these costs are properly claimed and will tax these costs.

### 2. Copying Costs

PL claims $ 10,602.78 in copying costs. (PL Mem. Ex. A-2.) EPIC challenges these costs on the grounds of lack of specificity and that the internal copying costs of $ 0.15 and the outside cost of $ 0.15 to $ 0.22 per page is excessive. Section 1920 provides that a party may recover for costs of "copies of papers necessarily obtained for use in the case" and the Local Rules provide that a party may recover copying costs of government records, discovery documents and trial exhibits, but not the cost of "copies of motions, pleadings, notices, and other routine case papers." *28 U.S.C. § 1920*(4); Loc. R. Civ. P. 54-3(d). As to specificity, PL attributes $ 8,102.78 of the costs to responding to discovery [*22] requests and the remainder to "copies of papers filed with the court and served on counsel or provided to our client,

copies of exhibits filed with motions, and copies of documents made in preparing experts and other personnel for depositions." (PL's Reply at 8.) The court will tax the $ 8,102.78 attributable to discovery documents, but will disallow the remainder of the copying costs because, to the degree they have been specifically identified, the court cannot distinguish them from the "routine case papers" exception stated in Local Rule of Civil Procedure 54-3(d)(3). The court will not reduce these costs on the basis that the per page costs are excessive as the court has been presented with no factual basis for doing so. The court finds that $ 8,102.78 of these costs are properly claimed and will tax those costs.

### 3. Fax Charges

PL claims $ 17,642.00 in fax charge costs. Fax charges are not specifically enumerated in either *28 U.S.C. § 1920* or Local Rule of Civil Procedure 54-3. The court will not tax these costs as they are beyond the scope of § 1920 and inappropriate in this action.

### 4. Attorney Travel Expenses

PL claims $ 4,578.84 in attorney [*23] travel costs. Attorney travel expenses are not specifically enumerated in either *28 U.S.C. § 1920* or Local Rule of Civil Procedure 54-3. The court will not tax these costs as they are beyond the scope of § 1920 and inappropriate in this action.

### 5. Telephone Charges

PL claims $ 556.90 in telephone charge costs. Telephone charges are not specifically enumerated in either *28 U.S.C. § 1920* or Local Rule of Civil Procedure 54-3. The court will not tax these costs as they are beyond the scope of § 1920 and inappropriate in this action.

### 6. Computerized Legal Research Costs

PL claims $ 14,087.33 in computerized legal research costs. Computerized legal research costs are not specifically enumerated in either *28 U.S.C. § 1920* or Local Rule of Civil Procedure 54-3. The court will not tax these costs as they are beyond the scope of § 1920 and inappropriate in this action.

### 7. Witness Fees

PL claims $ 1,473.00 in witness fee costs. EPIC does not raise a specific challenge to the witness fees as claimed. The court will grant these costs.

### 8. Miscellaneous Costs

PL claims $ 1,579.59 in miscellaneous [*24] costs. (PL Mem. Exs. A-8 to A-11.) These costs include three distinct items, including mailing and postage costs, videotape costs and computer label costs. Only the costs of videotaping is enumerated in *28 U.S.C. § 1920* or Local Rule of Civil Procedure 54-3. The relevant local rule states: "the cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the court in understanding the issues at the trial." Loc. R. Civ. P. 54-3(d)(5) (emphasis added). A review of Exhibit A-10 to PL's Memorandum shows a cost of $ 78.27 incurred for videotapes. However, the court is unable to deduce from PL's documentation what this cost actually is and the purpose of the videotapes. The court will not tax these costs as they are beyond the scope of § 1920 and inappropriate in this action.

### 9. Summary

The court will grant PL's motion for costs in the amounts of: (1) $ 8,155.57 in court reporter costs; (2) $ 8,102.78 in copying costs attributable to responding to discovery requests; and (3) $ 1,473.00 in witness fee costs. Thus, the court will tax a total of $ 17,731.35 [*25] in costs.

## IV. CONCLUSION

For the reasons set forth above, the motion will be granted in part and denied in part.

An appropriate Order follows.

### ORDER

AND NOW, TO WIT, this 31st day of March, 1999, upon consideration of defendants Pacific Lumber Company, Scotia Pacific Holding Company and Salmon Creek Corporation's motion for costs and plaintiffs Marbled Murrelet, Northern Spotted Owl and Environmental Protection Information Center, Inc.'s opposition thereto, IT IS ORDERED that said motion is GRANTED IN PART and DENIED IN PART as stated in the accompanying Memorandum.

IT IS FURTHER ORDERED that costs are taxed in

1999 U.S. Dist. LEXIS 22898, *25

the amount of $ 17,731.35.                                              LOUIS C. BECHTLE, J.