# United States District Court
# District of Massachusetts

WILLIAM PARZIALE,
    Plaintiff,

v.                                                         CIVIL ACTION NO. 04-11377-RBC[1]

AMERICAN HERITAGE LIFE
    INSURANCE COMPANY, A
    WHOLLY OWNED SUBSIDIARY
    OF THE ALLSTATE CORPORATION,
    Defendant.

## *MEMORANDUM AND ORDER ON BILL OF COSTS (#73)*

COLLINGS, U.S.M.J.

On November 16, 2006, judgment entered on the jury verdict in favor of defendant American Heritage Life Insurance Company, a wholly owned subsidiary of the Allstate Corporation ("American Heritage"). (#67) As the prevailing party, costs were awarded to American Heritage in that judgment.

---

[1] With the parties' consent this case has been referred and reassigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. §636(c).

On December 29, 2006, American Heritage filed a bill of costs together with attached exhibits (#73). In response, plaintiff William Parziale ("Parziale") filed a motion to quash (#74), claiming that the costs sought are either excessive or not properly documented.

The First Circuit has repeatedly stated that "[a]llowable costs are specifically set out in 28 U.S.C. §1920." *Papas v. Hanlon*, 849 F.2d 702, 704 (1 Cir., 1988) *citing City Bank of Honolulu v. Rivera Davila*, 438 F.2d 1367, 1371 (1 Cir., 1971); *accord Walters v. President and Fellows of Harvard College*, 692 F. Supp. 1440, 1441-42 (D. Mass., 1988). Indeed, as explained by the appellate court,

> section 1920 has an esemplastic effect. It fills the void resulting from Rule 54(d)'s failure to define the terms "costs"...and in that way constrains the district court's power to determine which expense categories constitute taxable costs. In other words, the statute and rule, read together, signify that a district court lacks the ability to assess "costs" under Rule 54(d) above and beyond those that come within the statutory litany.

*In Re Two Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litigation*, 994 F.2d 956, 962 (1 Cir., 1993)(citations omitted).

Thus it is within the confines of 28 U.S.C. §1920 that the allowable costs for which American Heritage seeks recompense must be determined.

Delineating the requirements to be met, the First Circuit has written:

> Allowable costs are listed in 28 U.S.C.§ 1920; and 28 U.S.C. §1924 provides that "the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."  A "bill of costs" form (AO 133) is made available to the prevailing party by the court; in addition to providing a worksheet to itemize costs, the form also provides a built-in declaration tracking the language of the statute.

*Phetosomphone v. Allison Reed Group, Inc.*, 984 F.2d 4, 9 (1 Cir., 1993).

Moreover, the bill of costs form indicates that supporting documentation should be provided for the costs claimed.  In this case, American Heritage has submitted appropriate documentation in support of its requests.

The plaintiff has not objected to the fees incurred for the service of summons and subpoena upon two witnesses recoverable under 28 U.S.C. §1920(1), so the total of one hundred ninety-one dollars ($191.00) shall be taxed as costs.

Pursuant to subsection (2) of section 1920, the defendant seeks to be reimbursed for the fees of the court reporter incurred in producing the deposition transcripts of four individuals, Messrs. Parziale and Ehrlich and Drs.

Rothchild and Williamson.  The plaintiff contends that because the deposition transcripts were not introduced into evidence at trial, the fees of the court reporter cannot be taxed.  However, the term "necessarily obtained for use in the case" is not limited to mean only the introduction of transcripts into evidence at trial; the fees are also recoverable if the transcripts are "used" at trial.[2]  In this instance, without doubt American Heritage necessarily obtained the plaintiff's deposition transcript in order to prepare for cross-examination at trial.  The same can be said with respect to the deposition transcript for Mr. Ehrlich, a key witness in the case.  Similarly, the testimony of the medical providers was pivotal, and the transcripts were necessary to determine what portions of the videotape depositions should be played at trial.  In short, the total fees for the court reporter, one thousand thirty-two dollars and thirty cents ($1,032.30), shall be taxed as costs.

Under §1920(3), American Heritage seeks to recover one thousand two hundred twenty-two dollars and sixty cents ($1,222.60) for three days attendance, three days subsistence and mileage for witness John Johnson and

---

[2] See Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1 Cir.), cert. denied, 474 U.S. 1021 (1985); accord The Garshman Company, Ltd. v. General Electric Company, Inc., 993 F. Supp. 25, 29 (D. Mass., 1998), aff'd, 176 F.3d 1 (1 Cir., 1999); Data General Corporation v. Grumman Systems Support Corporation, 825 F. Supp. 361, 367 (D. Mass., 1993), aff'd and remanded in part on other grounds, 36 F.3d 1147 (1994).

one thousand two hundred thirty-five dollars and nine cents ($1,235.09) for three days attendance, three days subsistence and mileage for witness K. Pearl Harrison.  First Parziale argues that these witnesses were employees of the defendant and that there has been no evidence that either the attendance or the subsistence fees have been paid to them[3].  The plaintiff's argument is unavailing given that the pertinent statutory provisions state, in precatory language, that attendance fees and subsistence allowances *shall* be paid to a witness.  *See* Title 28 U.S.C. §1821(b) and (d)(1).

Secondly, the plaintiff contends that since each witness testified on only one day of trial, they should receive the applicable fees for just one day.  Since the witnesses came to Boston from Florida, they are permitted a day to travel. Moreover, since the trial was not scheduled to be lengthy, the witnesses had to be available on the first day should their testimony have been required that day. Thus, in the circumstances of this case, seeking witness and subsistence fees for three days for these two witnesses is warranted and so shall be allowed.

Lastly the defendant requests reimbursement for "fees for exemplification and copies of papers necessarily obtained for use in the case." Title 28 U.S.C.

---

[3] American Heritage has in fact submitted hotel bills for each of the witnesses which reflect that the daily hotel charges alone were essentially equal to the daily subsistence amount. *See* #73, Exh. E and G.

§1920(4). With respect to this category, a total of one thousand one hundred four dollars and fifty-seven cents ($1,104.57) is sought, two hundred thirty-five dollars and ten cents ($235.10) for the costs of photocopying Dr. Rothchild's records related to the treatment of Ms. Veronesi, and eight hundred sixty-nine dollars and forty-seven cents ($869.47) for the costs related to the creation of exhibit books for the jury.

Parziale complains that American Heritage did not need Ms. Veronesi's entire medical record from Dr. Rothchild, but only those records related to her health on or before July 25, 2001. (#74 at 1) The plaintiff's view is much too circumscribed; that the primary issue focused on the state of Ms. Veronesi's health at or around the time she completed the application for life insurance does not mean that American Heritage was not entitled to get her entire medical record from her treating physician for use in the case. Similarly, although the defendant may have been able to purchase binders and photocopies at a lesser cost[4], the charges sought to be recouped are not extraordinary or exorbitant and shall be allowed.

In sum, for the reasons stated, a total of four thousand seven hundred

---

[4] Absent an affidavit or other admissible evidence, the Court need not credit counsel's statements with respect to the "usual and customary charges" for binders and photocopies in any event. (#74 at 2)

eighty-five dollars and fifty-six cents ($4,785.56) shall be, and hereby is, TAXED to the plaintiff as costs.

                                              */s/ Robert B. Collings*
                                              ROBERT B. COLLINGS
                                              United States Magistrate Judge

Date: January 16, 2007.